Nov. Term,
1858.

STRUBLE
v.
NODWIFT.

*Per Curiam.*—The judgment is affirmed with costs.

*J. P. Usher*, for the appellant.

*T. N. Rice*, for the state.

---

## STRUBLE *v.* NODWIFT.

Complaint in substance as follows:  *A.* complains of *B.*, and says, that, on, &c., the said *B.* did by the unlawful sale of spirituous liquor, at, &c., cause the intoxication of *C.*, a minor, &c., and a son of the plaintiff, and in his employment, whereby, &c., the plaintiff was deprived of his services, &c., to his great damage, to-wit, 500 dollars, and the plaintiff demands judgment, &c.  *Held,* bad on demurrer, both under the statute of 1853, supposing it to be in force, and at common law.

As a general rule, in actions upon statutes, the complaint must aver every fact necessary to bring the case within the statute.

At common law, the sale of liquor is not unlawful; nor is the seller liable for any improper use of the article sold, at all events, not unless he sell it with a knowledge that it is purchased with intent to be applied to such improper use.

Under the statute of 1853, supposing it to be in force, the unlawful sale of liquor would subject the seller to a criminal prosecution; and, hence, he could not be liable to vindictive damages in a civil action.

*Monday,
November 22.*

APPEAL from the *Warren* Court of Common Pleas.

PERKINS, J.—Civil action.  Complaint as follows:

*George H. Nodwift* complains of *Peter Struble*, and says, that on the twenty-fifth day of *December*, A. D., 1855, the said *Peter Struble* did, by the unlawful sale of spirituous liquor at the said county, cause the intoxication of *Jacob Nodwift*, a minor, within the age of twenty-one years, and a son of the said plaintiff, and in his employment, whereby, and by reason whereof, the said plaintiff was deprived

of the services of the said *Jacob Nodwift* for a long space of time, to-wit, the space of twenty-four hours, to the great damage of the said plaintiff—500 dollars—and the said plaintiff demands judgment for that sum."

The complaint was demurred to as not containing a cause of action; the demurrer was overruled, and exception taken.

Answer in denial. Trial, and judgment for the plaintiff for 20 dollars and costs.

It is doubtful whether this action was intended to be based upon the liquor law of 1853, or upon the general principles of the common law. Counsel, in their brief, argue it upon both grounds, without saying upon which they originally intended to rely.

We will examine, therefore, whether the complaint is sufficient upon either.

1. Upon the statute. It is a general principle governing actions upon statutes, that the complaint must aver every fact necessary to bring the case within the statute sued upon. There are three sections of the act of 1853, upon either of which counsel may claim an action might be rested, viz., the first, which prohibits any unlicensed person from retailing spirituous liquor, except for medicinal, &c., purposes; the seventh, which renders any person causing the intoxication of another, by the sale to him of liquor, liable to an action, where he refuses to take care of such intoxicated person till he is able to go home; and the tenth, which authorizes any wife, &c., to sue for damages occasioned, &c., by intoxication, &c.

The complaint, in this case, is bad upon the first section, if an action could, in any case, be sustained upon it (it containing no express authority for such suit and enacting no penalty), for this reason, if for no other, that it is not alleged that the liquor was not sold for medicinal, &c., purposes. The exception in the statute is not negatived, and there is no allegation that the sale was made for the purpose of causing intoxication, or with a knowledge, even, that it was purchased to be drank by the purchaser.

The complaint is bad upon the seventh section, because it does not allege any refusal to take care of the person intoxicated, nor that he was unable to, nor that he did not, in fact, go home, &c. It does not aver a single fact made necessary by that section to the support of an action.

The complaint is bad upon the tenth section, as that only authorizes an action against a licensed retailer. This is plain from the language of that and the succeeding sections.

Upon this branch of the case, therefore, it is unnecessary for us to determine whether the liquor law of 1853 is in force or not.

2. Looking at the case as an action at common law, it may be viewed in two aspects—

1. Upon the hypothesis that the law of 1853 is not in force. 2. Upon the hypothesis that it is.

If it is not in force, then, at the date of the sale of the liquor, there was no law forbidding the sale. The simple sale of it was a legal act. And the seller could not be liable for any improper use that might have been made of the article sold, unless, at all events, he sold it with a knowledge that it was purchased with intent to be applied to such improper use. No such averment is contained in the complaint.

If the liquor law of 1853 is in force, and the defendant sold the liquor illegally, as is averred, he not being licensed to sell, he was liable to a criminal prosecution for such sale, and, hence, in this civil action, could not have been liable to vindictive damages. But the Court, upon the trial, instructed the jury that, in this case, they might give such damages; to which instruction exception was taken. See *Taber* v. *Hutson*, 5 Ind. R. 322.

On this branch of the case, therefore, it is not necessary to decide whether the liquor law of 1853 is in force or not. Nor, in what we have said in this discussion, do we mean to intimate any opinion as to whether an action of this character, can or cannot be sustained, at all, upon common-law principles.

*Per Curiam.*— The judgment is reversed with costs. Nov. Term,
Cause remanded, &c., with leave to amend. 1858.

*R. A. Chandler*, for the appellant.

*B. F. Gregory, J. Harper*, and *J. R. M. Bryant*, for the appellee.