*Thomas D. Walpole* and *R. L. Walpole*, for the appellant.

———————

## NOSSAMAN *v.* RICKERT.

Where a defendant is sued for a tort, which is also a subject of criminal jurisdiction, the rule, that gives damages not only to recompense the sufferer, but also to punish the offender, is not applicable.
But in such action, the jury are not restricted to a consideration of the plaintiff's mere pecuniary loss, but may consider every circumstance of the act which injuriously effected the plaintiff.

APPEAL from the *Marion* Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, sued *Nossaman*, alleging, in his complaint, that the defendant on, &c., at, &c, in a rude, insolent and angry manner, assaulted the plaintiff, and then and there seized him by his privates, and grasped and pulled the same, &c., until he was extricated from defendant's grasp by the interposition of by-standers. Whereby the plaintiff was put in great pain and agony, and was thereby disabled from attending to his ordinary business, &c. To his damage, &c. Defendant answered by a general traverse; verdict in favor of the plaintiff for 250 dollars. New trial refused and judgment, &c.

The record contains a bill of exceptions, which shows that the Court, at the proper time, thus instructed the jury: "If you find the evidence to preponderate in favor of the plaintiff, you should give him such damages as you deem him entitled to, under all the circumstances. There is no pretense

Nossaman *v.* Rickert.

that the trespass, if committed, was in defence of the defendant, or growing out of any necessity; you may add, therefore, to the sum necessary to compensate him, damages to vindicate the law and punish the outrage upon the person of the plaintiff, if there was malice or mischief in the act of trespass."

To the giving of this instruction the defendant excepted. This exception, it seems to us, is well taken. We have decided that, "where a defendant is sued for a tort, which is also a subject of criminal jurisdiction, the rule that gives damages not only to recompense the sufferer, but to punish the offender, is not applicable." *Taber* v. *Hutson*, 5 Ind. 322. Here the defendant is sued, in a civil action, for an assault and battery, and in addition is, for the same offence, liable to a State prosecution. It follows, (the decision to which we have referred being correct,) that the instruction is erroneous, because, in effect, it directs the jury to give damages "to punish the offender." It is true, in actions of this sort, the jury are not restricted to a consideration of the plaintiff's mere pecuniary loss; "they may consider every circumstance of the act which injuriously affected the plaintiff," but they are not, in the language of the instruction, allowed to give damage to "vindicate the law and punish the outrage." The rule laid down in *Taber* v. *Hutson* is, doubtless, correct, and, when applied to the point under discussion, at once shows that the instruction should not have been given.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded.

*Thomas D. Walpole* and *Robert L. Walpole*, for the appellant.

*John L. Ketcham*, for the appellee.