*W. V. Burns,* for the appellant.

*W. R. Harrison,* for the appellee.

---

HUMPHRIES *et al.* v. JOHNSON *et al.*

EXEMPLARY DAMAGES.—In that class of wrongs, the commission of which subjects the offender to a prosecution in the name of the State, under her criminal law, in addition to the civil remedy afforded the injured party, exemplary damages can not be allowed to such party.

TESTIMONY OF EXPERTS.—It is error to instruct the jury, that "on questions involving science and skill, the opinions of scientific men in professions or pursuits to which such questions may pertain, are authoritative, and in all doubtful cases in which such questions are involved, should control the jury," for, as to such testimony, as well as any other, it is the peculiar province of the jury to determine its credibility and weight.

APPEAL from the *Parke* Circuit Court.

HANNA, J.—This was an action of trespass, *quare clausum fregit,* by the appellees against the appellants. The cause was commenced in the county of *Green,* and taken by change of venue to *Parke* county for trial. The pleadings seem to have been filed and the issues made up under the old system

of practice, but the cause was tried under the new. There are four counts in the declaration, charging in different modes, that the defendants, being twelve in number, with force and arms broke and entered the plaintiffs' close, situate, &c., and then and there with guns, axes, dirk knives, and other weapons, drove and expelled the plaintiffs from his said close, and then and there made a great noise and confusion, cursing, swearing, bawling, whooping and yelling, and then and there with great force and violence, tore to pieces, cut down, demolished and destroyed a certain grist mill and saw mill, and mill dam of the plaintiff's, and the gates and abutments attached to and forming a part of the dam, and cast into the creek and destroyed 2000 feet of plank, and 2000 feet of square timber, and dug up and subverted the earth and sod, and other wrongs and enormities then and there did, to the damage, &c.

The defendants pleaded several pleas, the substance of which is, that said dam was a nuisance, causing disease and sickness to the defendants, and therefore they entered the close, and in a peaceable manner abated the dam, doing no unnecessary damage, &c.

The cause was tried by a jury, verdict for the plaintiffs for 200 dollars. Motion for new trial overruled, and judgment on the verdict. Several points, on which the appellants rely to reverse the judgment, are insisted on. The evidence is not set out, but the cause is brought here on bill of exceptions only under sec. 349, vol. 2, R. S., 1852.

The exceptions show that the Court gave to the jury the following instructions, to which the appellants excepted, viz:

"6. That in questions involving science and skill, the opinions of scientific men in professions or pursuits, to which such questions may pertain, are authoritative, and in all doubtful cases in which such questions are involved, should control the jury."

"7. If the jury find for the plaintiffs, they should assess such damages, as they find from the evidence, he has sustained by reason of the trespasses of the defendants, to which they may add such exemplary damages as the jury may think proper, from any riotous, malicious, or wanton conduct of the defendants, in the commission of the trespasses."

We think the 6th instruction was wrong, and that the jury might have been misled by it. It is true that in a great variety of cases, the opinions of scientific men or experts are admissible in evidence, but it does not therefore follow that they are authoritative, or that in doubtful cases they should control the jury. Where such opinions are given in evidence, they should be received and treated by the jury like any other evidence in the cause. Such weight should be given them, and only such, as the jury may think them entitled to. It is the peculiar province of the jury to judge of the credibility of witnesses, and the weight that should be attached to their evidence, and this rule, we think, applies to the opinions of scientific men, as well as to the testimony of any other class of witnesses.

The Court, when it gave the charge that such opinions were authoritative, and in doubtful cases ought to control, invested them with a kind of importance, which would have a tendency to prevent the jury from exercising, fully and freely, their own judgments, in passing upon the facts involved.

The 7th instruction, in reference to exemplary damages, is also wrong. The jury were told that to the damages sustained by the plaintiff, they might add such exemplary damages as they thought proper, from any riotous, malicious, or wanton conduct of the defendants.

On the subject of damages, the authorities are not entirely uniform. By a standard author it is said that "damages

should be precisely commensurate with the injury, neither more nor less." 2 Greenlief's Ev., sec. 253; 18 Ind. on p. 369.

Mr. *Sedgwick* deduces from the authorities an entirely different rule, as applicable to a certain class of cases. Sedgwick on Damages, p. 38, *et seq.*

The rule however, as applicable to a case of this kind, has already been settled by this Court, in the case of *Tuber* v. *Hutson*, 5 Ind. R. 322. It was there held, that in that class of wrongs, the commission of which subjects the offender to a State prosecution, in addition to the civil remedy afforded the injured party, exemplary damages can not be allowed. To that decision we adhere, as it is sustained by authority, and founded, as we think, on obviously correct principles.

The facts charged in this case very clearly amount to a riot, punishable by the criminal laws of the State, and the charge, as applicable to the case, is erroneous.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further trial.

*S. B. Gookins*, for the appellants.

*J. P. Usher*, for the appellees.