WRIGHT ET AL. *v.* POTTER.

| 38    61|
|134   113|

PRACTICE.—*Motion for New Trial.*—A motion for a new trial must point out the evidence admitted or rejected, or the instruction given or refused, to present any question thereon upon appeal.

SAME.—*Bill of Exceptions.*—A bill of exceptions must show that it contains all the evidence, to enable this court to pass upon the giving or refusing of instructions.

PLEADING.—*Set-Off.*—In an action before a justice of the peace a set-off must be specially pleaded.

PRACTICE.—*Assignment of Error.*—A cause for a new trial not properly stated cannot be assigned as error.

APPEAL from the Clay Common Pleas.

PETTIT, J.—This was a suit for the possession of real estate, and damages for the detention thereof, commenced by the appellee, against the appellants before a justice of the peace, and was appealed to the common pleas. In both courts the plaintiff (appellee) recovered judgment for possession and damages for the detention. The appellants moved the court for a new trial, for the following reasons, which we find set out in what purports to be a bill of exceptions: "first, error of the court in refusing and not allowing the introduction of legal and proper evidence and proof offered by the defendants; second, error of the court in refusing to instruct the jury as asked by the defendants; third, because the verdict of the jury is contrary to the law and evidence and not supported by the evidence."

The first cause for a new trial is insufficient, because it does not point out or refer to what supposed legal and proper evidence was refused by the court, or by whom it was offered to be made. All motions for a new trial are not argued by counsel, but often the motion is filed and the court asked to rule upon it; and in many cases there may be ten or twenty rejections of the evidence offered, and if this cause for a new trial be sufficient, the court would be compelled to go over or through all the offered and rejected evidence to find the supposed legal evidence rejected, which

might work great injustice to the court and opposite party. The rule must be general, though it may happen that there was but one rejection of offered evidence. This court has often held that such a statement of a cause for a new trial is insufficient.

The second cause for a new trial is also insufficient, because it does not point out what instruction, first, second, or third, the court refused, or on what subject or point it was asked. This should be done in justice to the court and the opposite party, and for the reasons above given.

But there is another reason why this assigned cause for a new trial is bad. Instructions should be given on the law as applicable to the evidence in the case. There is a paper in the transcript (by the way, part of the transcript is from the common pleas and part is the original proceedings before the justice attached by agreement) which is called a bill of exceptions, and which purports to contain evidence given in the case, but in no part of it is it said or intimated that it contains all of the evidence given in or on the trial, but on the contrary, it expressly says that other evidence was given, which is not incorporated in it. This cannot be held to be a bill of exceptions containing the evidence in the cause.

We cannot say that the court erred in overruling the motion for a new trial on the third cause, because the evidence is not before us, and we are, therefore, unable to see or say why it is contrary to law and evidence, and not supported by the evidence. The court committed no error in overuling the motion for a new trial.

The evidence offered by the defendants and refused by the court, as shown by what is called a bill of exceptions, was to show a set-off of an account for stone greater than the amount due for rent at the commencement of the suit. This evidence was clearly inadmissible. Neither before the justice, nor in the common pleas, was there any answer or plea filed. In both courts the defendants had the benefit of the general denial without filing it, but not of a set-off unless

specially pleaded. 2 G. & H. 587, sec. 36, and pages 87–8. The action of the court was correct. The court committed no error in overruling the motion for a new trial.

The errors assigned are, "first, error of the court in overruling the motion for a new trial; second, error of the court in refusing to allow defendants below to introduce upon the trial legal and proper evidence offered at the proper time by them; third, error of court in giving each of the instructions given by the court to the jury, and in refusing to give each of the instructions asked by the defendants; fourth, error of the court in overruling the motion of the defendants for arrest of judgment."

The first, second, and third assignment have been disposed of above; and a cause for a new trial, not properly shown or stated, cannot be assigned as error.

But as to the second, we will add that in the paper called a bill of exceptions, there is but one instruction asked and refused, and none given. Such an assignment of a cause for a new trial cannot be sustained. The fourth assignment of error is for overruling the motion in arrest of judgment. The defective bill of exceptions does not suggest any cause why the judgment ought to be arrested, and we are not able to see any.

We cannot see from the imperfect record in the case, that there was any error committed in the court below of which the appellants have a right to complain.

The judgment is affirmed, at the costs of the appellants.

*S. Claypool, G. A. Knight,* —— *Stone, and* —— *Wiltse,* for appellants.

*E. Miles,* for appellee.