## MEYER v. BOHLFING.

PRACTICE.—*Demurrer.*—A demurrer was in the following form : " The said defendant demurs to the first, second, and third paragraphs of the complaint, for the reason that the same do not, nor does either of them, state facts sufficient to constitute a cause of action."

*Held,* that this was a demurrer to the whole complaint, and not to either paragraph separately. Assigning the cause of demurrer to each paragraph did not make the demurrer separate.

SLANDER.—*Repetition.*—The repetition of a slander may be proved, to show malice on the part of the defendant, but not to enhance the damages.

SAME.—*Damages.*—It is not error to charge the jury on the trial of an action for slander, that they may give damages, not only to compensate the plaintiff, but also to punish the defendant. Until the State makes the offence criminal, the plaintiff represents, to some extent, the interests of the public, and recovers, under the name of damages, for the injury to society for a malicious slander.

PRACTICE.—*Exceptions.*—*New Trial.*—A motion for a new trial, on the ground of the erroneous exclusion or admission of evidence, must point out the particular evidence admitted or rejected. It is not sufficient to refer to it by saying that the action of the court was excepted to at the time.

From the Decatur Circuit Court.

*J. Gavin* and *J. D. Miller,* for appellant.

*C. Ewing* and *J. K. Ewing,* for appellee.

OSBORN, J.—The appellee instituted an action of slander against the appellant. The complaint was in three paragraphs. Each alleged that the appellant had charged that the appellee was a thief. The view we take of the case renders it unnecessary for us to set out either of the paragraphs.

A demurrer was filed to the complaint, as follows : " The said defendant demurs to the first, second, and third paragraphs of the complaint for the following reasons : 1st. The same do not, nor does either of them, state facts sufficient to constitute a cause of action against said defendant," which was overruled, and an exception taken. An answer of general denial was filed, with an agreement that all evidence should be admissible under it as if specially pleaded. The cause was tried by a jury, who found a verdict for the plaintiff. The appellant filed a motion for a new trial, which was

overruled, and he excepted.  Final judgment was then rendered on the verdict.

The errors assigned are : 1st. In overruling the demurrer to the first paragraph of the complaint.  2d. In overruling the motion for a new trial.

The demurrer was to the whole complaint, and not to the first paragraph separately.  Assigning the causes to each paragraph did not make the demurrer separate.  This question was fully considered in *Silvers* v. *The Junction Railroad Co.*, 43 Ind. 435.

In that case, after reviewing the decision of this court on the subject, we held that if the body of the demurrer is joint, it cannot be changed by assigning the causes separately. No question is made as to the second and third paragraphs. They are admitted to be good.  There was no error in overruling the demurrer.

The court charged the jury that a repetition of the slander might be considered, not only to show malice on the part of the defendant, but also to enhance the damages.  This was excepted to.

The charge was wrong.  Such evidence is admissible to prove malice, but not to aggravate or enhance the damages. *M'Glemery* v. *Keller*, 3 Blackf. 488 ; *Throgmorton* v. *Davis*, 4 Blackf. 174 ; *Schoonover* v. *Rowe*, 7 Blackf. 202 ; *Forbes* v. *Myers*, 8 Blackf. 74 ; *Lanter* v. *M'Ewen*, 8 Blackf. 495 ; *Burson* v. *Edwards*, 1 Ind. 164.

Another charge given and excepted to instructed the jury that they were not confined to compensatory damages to the plaintiff; that the law left the amount to be determined by the jury, under the facts and circumstances surrounding the particular case, and the aggravation attending the utterance of the words; and that the jury might give damages, not only to compensate the plaintiff, but also to punish the defendant.

The court committed no error in giving that charge.

In *Taber* v. *Hutson*, 5 Ind. 322, it was said that where the action was for a " tort, such as slander, an offence not the sub-

ject of criminal punishment, the rule that gives damages 'to punish the offender,' may be applied, because it is the only mode in which, by public example, the various rights in community to personal security and private property can, under the sanction of law, be protected from injury and outrage. In such a case, there is wisdom in permitting a jury to 'blend together the interest of society and of the aggrieved individual.'" *Guard* v. *Risk*, 11 Ind. 156, recognizes the same doctrine. In that case, the defendant asked the court to instruct the jury, that the plaintiff could only recover the actual damages sustained in consequence of the speaking of the words, and that they could not give a verdict for smart-money beyond what they found as the damages really sustained by the plaintiff, by way of punishing the defendant solely, which was refused. It was held to be not erroneous. On page 159, it is said: "In *Taber* v. *Hutson*, 5 Ind. 322, this court plainly recognized the doctrine, that where a defendant is sued for a tort not the subject of criminal jurisdiction, the jury may give damages not only to recompense the sufferer, but to punish the offender." See, also, *Millison* v. *Hoch*, 17 Ind. 227; *Anthony* v. *Gilbert*, 4 Blackf. 348. We consider the question so well settled in this State that a further reference to authorities is unnecessary.

Until the State makes the offence criminal, the plaintiff represents, to some extent, the interests of the public, and recovers, under the name of damages, for the injury to society for the malicious slander. If the State shall declare it to be a crime and punishable as such, then such damages will no longer be recoverable in this class of actions. It will then elect to punish the offender in its own name and by prosecutions instituted by its own officers. Until that is done, the State consents that the offence shall continue to be punishable by civil actions prosecuted by individuals.

A question has been discussed by counsel relative to the admissibility of evidence. But the motion for a new trial did not sufficiently indicate the evidence admitted and refused

to raise any question. It failed to state what the evidence was, or give the names of the witnesses. Under the rulings of this court, the causes for a new trial were not sufficient to call the attention of the court to the particular evidence, which, it was alleged, had been erroneously admitted and rejected. *Wright* v. *Potter*, 38 Ind. 61 ; *Eden* v. *Lingenfelter*, 39 Ind. 19; *Waggoner* v. *Liston*, 37 Ind. 357.

It is unreasonable to ask a judge to remember and review his rulings on the admissibility of evidence during the trial of a cause, without having his attention called to the rulings complained of. The evidence in the case at bar fills nearly fifty pages. Numerous exceptions were taken to the rulings of the court in admitting and refusing to admit testimony. We think that the motion for a new trial, on the ground of error in admitting or rejecting evidence, should in some way direct the attention of the court to the error complained of, and that it is not enough to say that the ruling was excepted to. Perhaps that is sufficient, when it relates to an instruction of the court. When the motion states that the error was in giving or refusing instructions to the jury, and that the ruling was excepted to, the judge can readily ascertain what particular instructions are referred to.

In *Wright* v. *Potter*, *supra*, the court said: " All motions for a new trial are not argued by counsel, but often the motion is filed and the court asked to rule upon it ; and in many cases there may be ten or twenty rejections of the evidence offered, and if this cause for a new trial be sufficient, the court would be compelled to go over or through all the offered and rejected evidence to find the supposed legal evidence rejected, which might work great injustice to the court and opposite party. The rule must be general, though it may happen that there was but one rejection of offered evidence." The rule established is a reasonable one, and we adhere to it.

The judgment of the said Decatur Circuit Court is reversed, with costs. The cause is remanded to said court, with instruc-

tions to grant a new trial, and for further proceedings in accordance with this opinion.

*Petition for a rehearing overruled.*