KOERNER v. OBERLY.

LIQUOR LAW.—Act of 1873.—Section 12.—Action by Wife.—Measure of Damages.—Instruction to Jury.—In an action by a wife, under section 12 of the act of February 27th, 1873, (Acts 1873, p. 151,) regulating the sale of intoxicating liquors, to recover damages for injury suffered by her in her means of support, resulting from the intoxication of her husband, alleged to have been caused by the defendant, her anxiety of mind, mortification, sorrow and loss of her husband's society can not enter into the measure of the damages she may recover, and the jury trying the cause should be so instructed.

SAME.—Exemplary Damages.—Constitutional Law.—Where, in such action, the intoxication of the husband was caused by a sale to him of intoxicating liquor, made by the defendant under circumstances rendering it a penal offence, "exemplary damages," as authorized by such section 12, can not be allowed ; such provision being, in such case, in conflict with the constitution of this State, and therefore inoperative.

From the Marion Superior Court.

J. N. Scott, for appellant.

A. G. Porter, W. P. Fishback and G. T. Porter, for appellee.

WORDEN, J.—Jenny Oberly was the wife of Martin Oberly, and this action was brought by her against the appellant, to recover damages from the defendant for selling liquor to her husband, who, as was alleged, was in the habit of becoming intoxicated, thereby causing his intoxication; whereby the plaintiff was injured in her means of support.

The action was brought against John Stumph also, but he filed an answer which was held good on demurrer, and the plaintiff declining to reply, Stumph had final judgment on the demurrer.

The cause proceeded against Koerner, who filed an answer of general denial; and the cause was tried by a jury, resulting in a verdict and judgment for the plaintiff for four hundred dollars. Motion for a new trial overruled, and exception. A majority of the court below, at

general term, affirmed the judgment rendered at special term.

The proper error is assigned here.

The defendant, at the proper time, asked, and the court refused, a charge, otherwise correct so far as we can see, embodying the following proposition, viz.:

"The plaintiff's anxiety of mind, her mortification and sorrow, and the loss of her husband's society, you have nothing to do with here, as they can not enter into the measure of damages in this action."

The action was based upon the 12th section of the act of February 27th, 1873, on the subject of intoxicating liquors. Acts 1873, p. 151.

That section gives a wife, who "shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person," a right of action against the person furnishing the liquor, which, in whole or in part, caused the intoxication.

The action will not lie under the statute, unless the plaintiff was injured in person or property, or means of support, because the statute does not give the right of action for any other injury.

The only injury complained of in this case related to the plaintiff's means of support. There was no allegation of any injury to her person or property. Under the allegations of the complaint, it is clear that the plaintiff could not recover damages for "anxiety of mind," "mortification and sorrow," or "loss of her husband's society," because those things were entirely foreign to the case made by the complaint.

We need not determine, therefore, whether the matters mentioned in the charge asked, could have been considered in estimating the damages, if there had been proper allegations of injury to the plaintiff's person.

We are of opinion that the charge asked should have been given.

The defendant also asked, and the court refused, the following charge:

" Compensatory damages are given by way of compensation for the injury actually sustained. Exemplary damages are such as are added thereto by way of punishment to defendant, and warning to others. In this action, if the jury believe from the evidence that the plaintiff is entitled to compensation for the injury complained of, and also that the plaintiff's husband was, at the times the sales were made, in the habit of getting intoxicated, or that the sales were made after nine o'clock on any evening, or on any Sunday, they can not go farther than to compensate her for the injury actually sustained; and are not authorized to assess against defendant exemplary damages—his punishment in that case being left to the criminal court."

The charge asked was applicable to the case made by the evidence as well as that stated in the complaint, for it was alleged in both paragraphs of the complaint that the plaintiff's husband was in the habit of getting intoxicated.

It was a penal offence, under the law, to sell intoxicating liquor to a person who was in the habit of getting intoxicated, or to sell it after nine o'clock at night, or on Sunday. Sections 6 and 10 of the act above cited. Hence the question is fairly presented, whether in a civil action under the statute, to recover damages resulting from the sale of intoxicating liquors, the sale being made under such circumstances as make it a penal offence, exemplary damages can be allowed.

If they can, a man may be punished twice for the same offence: Once under the proper form of a criminal prosecution, and again under the form of a civil action; and in the latter action the pecuniary punishment meted out may be much greater than the penalty prescribed for the offence.

The 12th section of the statute above cited authorizes " exemplary damages." In the case of *Taber* v. *Hut-*

*son,* 5 Ind. 322-325, it was said by this court, "But there is a class of offences, the commission of which, in addition to the civil remedy allowed the injured party, subjects the offender to a state prosecution. To this class the case under consideration belongs; and if the principle of the instruction be correct, Taber may be twice punished for the same assault and battery. This would not accord with the spirit of our institutions. The constitution declares, that 'no person shall be twice put in jeopardy for the same offence'; and though that provision may not relate to the remedies secured by civil proceedings, still it serves to illustrate a fundamental principle inculcated by every well-regulated system of government, viz., that each violation of the law should be certainly followed by one appropriate punishment and no more."

See, also, *Johnson* v. *Vuthrick,* 7 Ind. 137; *Struble* v. *Nodwift,* 11 Ind. 64; *Butler* v. *Mercer,* 14 Ind. 479; *Nossaman* v. *Rickert,* 18 Ind. 350; *Humphries* v. *Johnson,* 20 Ind. 190; *Meyer* v. *Bohlfing,* 44 Ind. 238.

We are of opinion that the provision of the statute allowing exemplary damages, as applied to cases like the present, violates the fundamental principle embodied in the Bill of Rights, that no person shall be put in jeopardy twice for the same offence; and that, as applied to such cases, it is inoperative and void.

The charge asked, in our opinion, ought to have been given.

The jury must have allowed large exemplary damages, for it seems to us that fifty or seventy-five dollars would have covered all the real damages sustained by the plaintiff.

The judgment below, at general term, is reversed, with costs, and the cause remanded with instructions to the court, at general term, to reverse the judgment rendered at special term, and for further proceedings.