Borkenstein *v.* Schrack.

---

### BORKENSTEIN *v.* SCHRACK.

[No. 4,408.    Filed May 26, 1903.]

DAMAGES.—*Assault and Battery.*—*Punitive Damages.*—Punitive damages can not be awarded for an assault and battery, since defendant is also subject to a criminal prosecution.  *p. 221.*

APPEAL AND ERROR.—*Harmless Error.*—*Erroneous Instruction.*—A cause will be reversed because of an erroneous instruction given where it does not clearly and affirmatively appear from the record that the verdict is right upon the evidence.  *pp. 221, 222.*

From the Superior Court of Allen County; *J. H. Aiken,* Judge.

Action by Joseph Schrack against Bernard Borkenstein. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Wilmer Leonard* and *Elmer Leonard*, for appellant.
*Henry Colerick*, for appellee.

Robinson, C. J.—Appellee recovered a judgment for damages for an assault and battery.

In some of the instructions to the jury they were told that they might award punitive damages. These instructions were erroneous. It is a well settled rule that for a wrong, the commission of which subjects the wrongdoer to both a criminal prosecution and a civil action, punitive damages can not be assessed. *Tabor* v. *Hutson,* 5 Ind. 322, 61 Am. Dec. 96; *Johnson* v. *Vuthrick,* 7 Ind. 137; *Struble* v. *Nodwift,* 11 Ind. 64; *Nay* v. *Byers,* 13 Ind. 412; *Butler* v. *Mercer,* 14 Ind. 479; *Nossaman* v. *Rickert,* 18 Ind. 350; *Humphries* v. *Johnson,* 20 Ind. 190; *Meyer* v. *Bohlfing,* 44 Ind. 238; *Koerner* v. *Oberly,* 56 Ind. 284, 26 Am. Rep. 34; *Stewart* v. *Maddox,* 63 Ind. 51; *State, ex rel.,* v. *Stevens,* 103 Ind. 55, 53 Am. Rep. 482; *Wabash Printing, etc., Co.* v. *Crumrine,* 123 Ind. 89; *Louisville, etc., R. Co.* v. *Goben,* 15 Ind. App. 123; *Tracy* v. *Hacket,* 19 Ind. App. 133, 65 Am. St. 398.

Appellee concedes that these instructions were erroneous, but insists that it affirmatively appears from the evidence that they were harmless. Upon a careful consideration of all the evidence we can not say, although the amount of damages awarded by the jury is not large, that it affirmatively appears that these erroneous instructions were harmless. The jury were the exclusive judges of the credibility of the witnesses and of the weight of the evidence. These erroneous instructions are presumed to have had an influence on the jury, until the contrary is shown. It is true that under §659 of the code (§670 Burns 1901) it has many times been held that where the record affirma-

tively shows that the verdict is right upon the evidence, the judgment will not be reversed because the court has erred in the instructions given to the jury. But upon the whole record we are not able to say that it so clearly and affirmatively appears that the verdict is right upon the evidence as to render the error in giving these instructions harmless. See *City of Lafayette* v. *Ashby,* 8 Ind. App. 214, and cases cited.

A new trial should have been granted. Judgment reversed.