Frances EDDY, Appellant
(Plaintiff Below),

v.

Brian McGINNIS, Appellee
(Defendant Below).

No. 20S03–8703–CV–302.

Supreme Court of Indiana.

May 31, 1988.

Charles C. Wicks, Craig A. Reiff, Elkhart, for appellant.

James F. Groves, South Bend, for appellee.

SHEPARD, Chief Justice.

This interlocutory appeal challenges the constitutionality of Indiana Code § 34–4–30–2. That statute provides that a defendant may not assert the possibility of criminal punishment as a defense to a claim for punitive damages. The issue is whether Ind.Code § 34–4–30–2 violates the double jeopardy clause of the Indiana Constitution. We hold it does not.

Appellant Frances Eddy was injured when her car was struck by a car driven by Brian McGinnis. McGinnis had a blood al-

cohol content of .25 percent. The police ticketed him for driving while intoxicated, and the prosecutor later charged him with driving while intoxicated. The outcome of these charges is not a matter of record in this appeal.

Eddy brought a negligence action against McGinnis seeking compensatory and punitive damages. McGinnis moved for partial summary judgment on the issue of punitive damages, claiming that Ind. Code § 34–4–30–2[1] was unconstitutional as a violation of the prohibition against double jeopardy. Ind. Const. art. I, § 14. The trial court granted the motion and certified the order for an interlocutory appeal. We accepted jurisdiction under Appellate Rule 4(B)(6)(b).

In reviewing the constitutionality of this statute, we are mindful that every enactment of our General Assembly stands before this Court cloaked with a presumption of constitutionality. *American National Bank & Trust Co. v. Indiana Department of Highways* (1982), Ind., 439 N.E.2d 1129; *State v. Cooper* (1839), 5 Blckf. 258. If there are two possible interpretations of the statute, and by one interpretation the statute would be invalid but by the other valid, the Court should adopt the interpretation which will uphold the statute. *Book v. Board of Flood Control Commissioners* (1959), 239 Ind. 160, 156 N.E.2d 87. A review of case law on the Fifth Amendment of the United States Constitution and art. I, § 14 of the Indiana Constitution suggests why the legislature's enactment should be upheld.

*I. The Federal Double Jeopardy Clause*

Comparison with the Fifth Amendment is helpful, but not controlling. While the U.S. Supreme Court has not decided this question, existing case law suggests that civil punishment for acts which violate criminal statutes does not violate the Fifth Amendment, which states: "nor shall any person be subject for the same offense to

1. Ind.Code § 34–4–30–2 provides, in pertinent part: "It is not a defense to an action for punitive damages that the defendant is subject to

criminal prosecution for the act or omission that gave rise to the civil action." 1984 Ind.Acts P.L. 172, § 2.

be twice put in jeopardy of life or limb...." U.S. Const. amend. V. "In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution." *Breed v. Jones,* 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed. 2d 346, 354 (1975). "Unless th[e] sanction was intended as punishment, so that the proceeding is essentially criminal, the double jeopardy clause provided for the defendant in criminal prosecutions is not applicable." *Helvering v. Mitchell,* 303 U.S. 391, 398–99, 58 S.Ct. 630, 633, 82 L.Ed. 917, 921 (1938).

The Court in *Helvering* addressed a section of the revenue act which provided for a penalty of one half any deficiency due to fraud. This penalty was not barred by the double jeopardy clause. The Court reasoned:

> Congress may impose both a criminal and a civil sanction in respect to the same act or omission; for the double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense.

*Id.* at 399, 58 S.Ct. at 633, 82 L.Ed. at 922.

The bar against double jeopardy thus applies if the sanction is intended as punishment, rendering the proceeding essentially criminal. A remedy does not lose the quality of a civil action because more than the amount of actual damages is recovered. *United States ex rel. Marcus v. Hess,* 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943). The Court in *Marcus* concluded that double damages as a penalty for defrauding the United States government did not constitute an essentially criminal proceeding. While punishment may result so far as the wrongdoer is concerned, this is not sufficient to label the sanction criminal. *Id.* at 551, 63 S.Ct. at 388, 87 L.Ed. at 453.

The Supreme Court has not determined if punitive damages arising in a private civil action give rise to a double jeopardy claim. The Fifth Circuit, however, has addressed the issue and applied the Supreme Court's analysis in *Breed.* *Hansen v. Johns–Manville Products Corp.,* 734 F.2d 1036 (5th Cir.1984). The *Hansen* court found signifi-

cance in the purpose of the proceeding, the potential consequences, and the identity of the plaintiff.

In *Breed,* the purpose of the juvenile proceeding was to determine whether the defendant had violated criminal law, and the possible consequences included the stigma of a criminal violation and deprivation of liberty. The U.S. Supreme Court found the proceeding to be essentially criminal and entitled to double jeopardy protection.

In contrast, the purpose of the proceeding in *Hansen* was to determine gross negligence, a determination which, of itself, carried no criminal penalties. The potential loss of property through punitive damages did not carry the serious consequences of a criminal sanction. Moreover, the action was brought by a private individual, not by the state. The Fifth Circuit therefore determined "that punitive damages awarded in a private lawsuit by an individual plaintiff are not part of an 'essentially criminal' proceeding and, thus, do not fall within the purview of the prohibition against double jeopardy." *Hansen,* 734 F.2d at 1042.

### II. History of Indiana's Double Jeopardy Clause

■ The Indiana Constitution provides: "No person shall be put in jeopardy twice for the same offense." Ind. Const. art. I, § 14. McGinnis argues that the framers of the Indiana Constitution intended this double jeopardy clause to have a broader scope than the federal clause which protects against "jeopardy of life and limb." U.S. Const. amend. V. The history of the Indiana Constitution, however, does not reveal any intent to apply provisions against double jeopardy outside the context of criminal prosecutions.

The documented history of the Indiana double jeopardy clause reveals that its purpose is the regulation of criminal proceedings. Our constitutional prohibition against double jeopardy originated in the Indiana Constitution of 1816, which provided "[t]hat in all criminal prosecutions, the accused ... shall not be ... twice put in jeopardy for the same offence." Ind. Const. of 1816 art. I, § 13. This provision

was included in the Indiana Constitution of 1851 upon the recommendation of the committee on the rights and privileges of the inhabitants of the State. Sections four, five, six and seven of Report No. 20 became sections 13, 14, 15 and 17 of Article I of the 1851 Constitution, *Convention Journal 1850*, 187 (1936). Covering such matters as double jeopardy, self-incrimination and bail, these provisions were treated by the convention as "sections, referring to the manner in which criminals shall be tried." 2 *Debates of the Indiana Convention* 1389 (1935).

### III. History of Indiana Rule

The leading case on this subject held that punitive damages cannot be imposed when the defendant may be subject to criminal sanctions. *Taber v. Hutson* (1854), 5 Ind. 322. In *Taber*, the trial court gave a jury instruction allowing the jury to find exemplary damages in a civil action for assault and battery. Punitive damages were not authorized by statute. This Court found that allowing punitive damages where the offender is subject to both civil remedy and criminal prosecution did not

> accord with the spirit of our institutions. The constitution declares, that 'no person shall be twice put in jeopardy for the same offence;' and though that provision may not relate to the remedies secured by civil proceedings, still it serves to illustrate a fundamental principle inculcated by every well-regulated system of government....

*Id.* at 325.

The Court cited Indiana's 1816 constitutional provision against double jeopardy, not as binding constitutional authority, but as an illustration of a fundamental common law principle. The Court did not hold that the rule against punitive damages itself was a constitutional rule. Indeed, the Court observed that the double jeopardy provision "may not relate to the remedies secured by civil proceedings...." *Id.* Contrary to the assertion of today's dissenters, the *Taber* Court neither relied upon nor cited the Fifth Amendment.

In another leading case, this Court considered the constitutionality of a statute which created a civil cause of action against an individual who sells liquor to one who was in the habit of becoming intoxicated. The statute also allowed the recovery of exemplary damages. *Koerner v. Oberly* (1877), 56 Ind. 284. Because such an act was also a crime, this Court determined "that the provision of the statute allowing exemplary damages, as applied to cases like the present, violates the fundamental principle embodied in the Bill of Rights, that no person shall be put in jeopardy twice for the same offense; and that, as applied to such cases, it is inoperative and void." *Id.* at 287. The central authority cited for this proposition was *Taber*, a decision resting on common law. The Court cited as additional authority cases which also relied on *Taber* without mention of any constitutional bar. *See Johnson v. Vuthrick* (1855), 7 Ind. 137; *Struble v. Nodwift* (1858), 11 Ind. 64; *Butler v. Mercer* (1860), 14 Ind. 479; *Nossaman v. Rickert* (1862), 18 Ind. 350; *Humphries v. Johnson* (1863), 20 Ind. 190; *Meyer v. Bohlfing* (1873), 44 Ind. 238.

This Court in *State ex rel. Scobey v. Stevens* (1885), 103 Ind. 55, 2 N.E. 214, considered a criminal statute which prohibited any public officer from taking a bribe. The statute also held the officer liable to the party injured for five times the amount of the illegal fee. Earlier cases did not directly determine legislative power to allow punitive damages, the Court said, but the prevailing rule disallowing punitive damages was adopted by the Court as consonant with the spirit of both the constitutional provision and the common law. *Id.* at 59, 2 N.E. at 216. The Court cited *Koerner* for the proposition that the legislature "was prohibited by the Constitution from authorizing the infliction of exemplary damages for a wrong which was also punishable as a crime." *Id.*

The *Scobey* Court noted that the statute in *Koerner* authorized unlimited, unrestricted exemplary damages as punishment for an offense which was also punishable as a crime. *Id.* at 63, 2 N.E. at 218–19. The Court distinguished *Koerner* on the

grounds that the statute at hand merely fixed a definite sum to which the injured party would be entitled. It suggested that these damages might be compensation for the actual damages sustained by the injured party.[2] Justice Elliott dissented, arguing that the legislature may provide for punitive damages.

Punitive damages were again examined in *State ex rel. Beedle v. Schoonover* (1893), 135 Ind. 526, 35 N.E. 119, which considered a statute allowing a three hundred dollar recovery in a civil action against an officer who takes an unauthorized fee. The Court acknowledged:

> [i]t is true that section 59, art. 1, of the Bill of Rights provides that 'No person shall be put in jeopardy twice for the same offense,' but the jeopardy mentioned is the peril of a second criminal prosecution for the same felony or misdemeanor....

*Id.* at 531, 35 N.E. at 120.

Without citing *Taber* or *Koerner*, the Court quoted Justice Elliott's dissent in *Scobey* with approval, saying "the Legislature may provide for the recovery of punitive damages in cases where an injury is caused by an illegal act, although the same illegal act may subject the defendant to a criminal prosecution." *Beedle* at 533, 35 N.E. at 121.

### IV. Conclusion

The most that one can say about the precedent on this subject is that we have prohibited the unlimited imposition of punitive damages on the grounds that such violates the spirit of our constitution. Absent a constitutional prohibition, the legislature is free to reform the state's substantive law in this field. It has done so, and McGinnis was not entitled to partial summary judgment on the issue of punitive damages.

The judgment of the trial court is reversed and this cause is remanded with instructions to deny defendant's motion for partial summary judgment.

DeBRULER and DICKSON, JJ., concur.

GIVAN, J., dissents with opinion which PIVARNIK, J., joins.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority in this case. Although the majority cites several of the cases I will cite in this dissenting opinion, I feel the majority has put a strained and erroneous interpretation upon those cases and has rationalized a change in the law which has the potential for depriving citizens of this State of their constitutional protection against double jeopardy.

Indiana Code § 34-4-30-2 purports to allow a plaintiff to seek punitive damages from the defendant even though the defendant is subject to criminal prosecution for the same act or omission which gave rise to the civil action. The trial court granted McGinnis's "Motion for Partial Summary Judgment" and stated, in a written opinion, that Eddy could not recover punitive damages. Judge Yoder correctly points out that in *Taber v. Hutson* (1854), 5 Ind. 322, and in many cases thereafter, the Supreme Court of Indiana has consistently held that it is a violation of the Indiana Constitution and the Constitution of the United States to subject a person to double jeopardy. *See* Constitution of Indiana, art. 1, § 14; United States Constitution, amendment V.

Appellant attempts to rely in part on a law review article appearing at 20 Ind.L.J. 123, (1945) in which the author takes issue with Judge Davidson's opinion in *Taber* and claims the opinion does not follow the weight of authority and is hard to understand. However, I find Judge Davidson's opinion completely lucid and in tune with

---

2. "Who shall say that a person, from or against whom an inconsiderable sum is illegally demanded or charged by an officer who is armed by law with compulsory process to enforce his demand, such person being obligated to incur the expense of a suit to redress his grievance is more than compensated by a recovery of five times the amount so charged, demanded or taken?" *Scobey,* 103 Ind. at 64, 2 N.E.2d at 218–19.

constitutional concepts notwithstanding some authorities to the contrary.

Appellant is correct that Judge Davidson did not declare punitive damages to be unconstitutional. In fact, he expressly held to the contrary. He pointed out, however, that in a situation where the offender may be punished by criminal sanction he cannot also be subject to punitive damage in a civil action because of the constitutional prohibition against twice being placed in jeopardy.

Appellant cites the case of *State ex rel. Beedle v. Schoonover* (1893), 135 Ind. 526, 35 N.E. 119, and claims it holds that the allowing of punitive damages in a civil action is not unconstitutional. As Judge Yoder pointed out in his opinion in this case, the *Beedle* case holds that when the statute involved provides for specific or limited sum recovery, it may be allowed. In this regard, *Beedle* cites *State ex rel. Scobey v. Stevens, et al.* (1885), 103 Ind. 55, 2 N.E. 214. In *Scobey*, Chief Justice Mitchell, in a well-written opinion, reviews Indiana law on this subject and also reviews cases from other jurisdictions which hold to the contrary, and concludes that it is in fact a violation of the constitution for either the courts or the legislature to allow punitive damages arising from the same acts for which the offender may be criminally prosecuted.

In the *Scobey* case, the wrongdoer was accused of offering a bribe, which was defined as a misdemeanor in the statute. The statute further provided that either the person offering the bribe or the person taking the bribe could in addition to the fine "be liable on his official bond to the party injured for five times the illegal fees charged, demanded, or taken, and the same may be recovered, with costs, in the circuit court." *Id.* at 56, 2 N.E. at 215. Chief Justice Mitchell correctly pointed out that such a provision is not in fact a provision for punitive damages but is the fixing of compensation on the bond of a public officer for injuries sustained by a tortious act. *Id.* at 65, 2 N.E. at 220.

Chief Justice Mitchell's opinion is more lengthy and more in detail in its explana-

tion but is in total accord with the opinion in *Taber, supra.*

I would hold that Ind.Code § 34–4–30–2 is in violation of the Indiana Constitution, art. 1, § 14 and affirm the trial court.

PIVARNIK, J., concurs.