Paul BLANKENSHIP, Appellant
(Plaintiff Below),

v.

Duane McKAY, Appellee
(Defendant Below).

No. 49A02–8709–CV–360.

Court of Appeals of Indiana,
Second District.

Feb. 20, 1989.
Rehearing Denied March 17, 1989.

Patrick J. Bennett, Bennett & Sheff, Indianapolis, for appellant.

C. Duane O'Neal, Lewis Kappes Fuller & Eads, Indianapolis, for appellee.

SULLIVAN, Judge.

Paul Blankenship filed this civil lawsuit against Duane McKay seeking treble damages plus costs and attorney fees as a result of pecuniary loss sustained when McKay embezzled money from Blankenship's accounting clients. McKay sought summary judgment upon grounds that because he had been convicted in a criminal prosecution for the alleged acts, the common law barred a civil claim notwithstanding the provisions of I.C. 34-4-30-2 (Burns Code Ed.Repl.1986) and upon the further ground that a plea agreement upon the criminal charges required McKay to make restitution thereby affording McKay complete relief. The summary judgment was granted. Blankenship appeals.

We reverse.

Indiana Code 34-4-30-1 (Burns Code Ed. Repl.1986)[1] provides in pertinent part that a person who suffers pecuniary loss as a result of a violation of Article 43 of the Criminal Code (Offenses Against Property) may bring a civil action against the person causing the loss for an amount not to exceed three times his actual damages together with costs and attorney fees. Prior to 1984 when the statute was amended, the provision permitted recovery of an amount "equal to" three times his actual damages.

1. The current version is found at I.C. 34-4-30-1

## I

It is McKay's summary judgment position that the common law rule of *Taber v. Hutson* (1854) 5 Ind. 322, has not been abrogated by the statute. The *Taber* rule, premised upon common law, as opposed to Fifth Amendment constitutional, double jeopardy considerations, stated that private redress for monetary damages could not be afforded if the defendant was subject to criminal penalty for the same act.

Blankenship's complaint for relief clearly falls within the purview of I.C. 34-4-30-1 even though it used the words "punitive damages" instead of "treble damages." The amount of the prayer was precisely three times the amount alleged as actual damages.

Indiana Code 34-4-30-2 provides that a plaintiff may not recover both punitive damages and treble damages, costs and attorney fees contemplated in I.C. 34-4-30-1. Clearly, this is designed to prevent a double recovery. Therefore, to the extent that the total damage recovery under I.C. 34-4-30-1 exceeds actual damages, that excess amount may not be duplicated by a "punitive damage" recovery. However, this does not mean that being subject to criminal prosecution is a bar to actions for treble damages under section 1 but not a bar to the "punitive damages" mentioned in section 2.

Punitive damages, as the term is recognized in Indiana law, may be recovered in situations not contemplated by I.C. 34-4-30-1, which is restricted to violations of I.C. 35-43. However, all recoveries under I.C. 34-4-30-1 to the extent they exceed actual damages, would seem to fall within the scope of "punitive damages" simply because they are not compensatory and are designed to deter the conduct which resulted in the damages complained of. *Husted v. McCloud* (1983) Ind., 450 N.E.2d 491 (decided before enactment of 34-4-30-1, -2). As we held in *Roake v. Christensen* (1988) 2d Dist.Ind.App., 528 N.E.2d 789 at 792:

"Indiana Code 34-4-30-1 is largely a penal measure...."

(Burns Code Ed.Supp.1988).

An arguably contrary suggestion in *State ex rel. Scobey v. Stevens* (1885) 103 Ind. 55, 2 N.E. 214, has since been rejected. In *Scobey*, the court avoided the perceived constitutional prohibition by confining the prohibition to unlimited exemplary damages. The court held that a statutorily limited and definite amount was not prohibited. Curiously, the majority went on, in an apparent attempt to strengthen the decision, to suggest that the quintupled amount recoverable could not be considered punitive because recoverable by way of private redress. The majority apparently felt that relief afforded through the civil process could only reflect compensatory recovery. Be that as it may, such tortured reasoning was rejected by subsequent approval of the position of the *Scobey* dissenter. *State ex rel Beedle v. Schoonover* (1893) 135 Ind. 526, 35 N.E. 119.

In any event, the question as to remaining viability of the *Taber* rule has been recently resolved. *Eddy v. McGinnis* (1988) Ind., 523 N.E.2d 737, involved a claim for negligence seeking compensatory and punitive damages. Plaintiff had been injured in an automobile accident in which defendant was charged with driving while intoxicated. The *Eddy* case, therefore, in no way involved application of I.C. 34-4-30-1.

The *Eddy* decision, however, walked an analytical tightrope concerning nineteenth century Indiana precedent. The conclusion of the *Eddy* court was as follows:

> "The most that one can say about the precedent on this subject is that we have prohibited the unlimited imposition of punitive damages on the grounds that such violates the spirit of our constitution. Absent a constitutional prohibition, the legislature is free to reform the state's substantive law in this field. It has done so, and McGinnis was not entitled to partial summary judgment on the issue of punitive damages." 523 N.E.2d at 741.

McKay argues that the language "subject to criminal prosecution" in I.C. 34-4-30-2 permits recovery of "punitive damages" only if prosecution is contemplated but not if completed and resulting in a conviction. In doing so, McKay relies upon *Husted, supra,* 450 N.E.2d 491. There, a civil suit for conversion of estate funds by the attorney for the estate was brought by the executor after the attorney had been convicted in a criminal proceeding and sentenced to prison.

It must be noted that *Husted, supra,* was decided before the enactment of I.C. 34-4-30-2 which eliminated the criminal prosecution defense and which precludes double recovery. To the extent, therefore, that *Husted* could be interpreted to bar a suit under 34-4-30-1 if the civil defendant has already received some punitive sanction from the criminal court, it has been modified. In *Husted*, the Court held that the public interest in punishing the defendant and in deterring him from like conduct in the future was satisfied by the prison sentence imposed. *Husted*, however, was premised upon the *Taber* rule. Therefore, even were we to equate a restitution order, as a condition to a suspended sentence, with imposition of an executed prison sentence (a dubious comparison at best), *Husted* does not persuade us to totally bar Blankenship's suit for treble damages.

By reason of the foregoing, we hold that possible or actual subjection to criminal prosecution does not bar treble damages recoverable under I.C. 34-4-30-1.

## II

As an alternative to the *Taber* rule double jeopardy argument, McKay asserted at the summary judgment stage that the treble damage claim is barred by concepts akin to election of remedies or accord and satisfaction. McKay pointed to the criminal prosecution which resulted in a suspended sentence and probation conditioned upon restitution to Blankenship of $19,-336.93.[2]

To adopt McKay's reasoning would be to indirectly adopt a *Taber*-like prohibition

---

**2.** It is to be noted that in his appellant's brief, Blankenship anticipated that McKay would seek to defend his summary judgment upon the same alternative concepts. McKay's brief, however, does not seek to counter Blankenship's arguments in this regard.

for a criminal prosecution which results in a restitution order. To cloak such prohibition in terms of election of remedy or accord and satisfaction does not persuade us to resurrect the absolute bar sought by McKay.

As correctly asserted by Blankenship, although he is the beneficiary of the restitution order, it came about through criminal prosecution, a remedy elected by the State prosecutor. Blankenship did not control the decision to prosecute. He, therefore, did not elect the remedy alluded to.

With respect to McKay's summary judgment assertion of accord and satisfaction, we need to no more than point out that the very case relied upon by him in the trial court defeats the argument. *Daube and Cord v. LaPorte County Farm Bureau Co-Operative Assn.* (1983) 3d Dist. Ind.App., 454 N.E.2d 891, clearly observes that an accord and satisfaction is an express contract between the parties and must be supported by consideration. Here, although Blankenship may have participated in the preliminaries which led to the restitution order, the plea agreement was solely between the prosecutor and McKay and was adopted by the criminal court. Furthermore, Blankenship parted with no consideration. The consideration for the restitution portion of the conviction judgment, if any be required, was extended by the State in not seeking executed time under incarceration.

Suffice it to say we reject any election of remedy or accord and satisfaction underpinnings which may have attached to the summary judgment.

This is not to say, however, that further proceedings in this action are wholly unaffected by the restitution order and its fulfillment or partial fulfillment.

As earlier mentioned, I.C. 34–4–30–2 is perceived as a legislative declaration that while damages in excess of actual damages may be recovered, damages falling within the "punitive"—"treble" category may not be duplicated.

Blankenship's civil suit sought three times his actual damages. The latter figure was set forth in the complaint as $25,-115.13. It therefore exceeded the $19,-336.93 fixed in the restitution plea agreement between the prosecutor and McKay and adopted by the court in making it a condition precedent to probation.

Whether Blankenship is precluded, by estoppel or otherwise, from establishing actual damages in excess of $19,336.93 is a matter for future resolution within the framework of the lawsuit. The variance in amounts is not cause to bar the action for treble damages.

To the extent that Blankenship has recovered pursuant to the restitution order, he may not duplicate the recovery in a judgment for treble damages pursuant to I.C. 34–4–30–1. Accordingly, whether or not Blankenship may procedurally and factually actually establish damages in excess of $19,336.93, he may nevertheless prove actual damages in the appropriate amount, multiply that amount by three and recover the total sum less any amount received under the restitution order.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

SHIELDS, P.J., and MILLER, J., concur.