Sullivan, J.
This was an action for a malicious prosecution brought by Woods against Chapman. The suit was commenced in the Hancock Circuit Court, and transferred by change of venue to the Marion Circuit Court. The cause of action, as set forth in the declaration, is that on, &c., the said Chapman, without any reasonable or probable cause whatever, caused and procured Woods to be indicted in the * Hancock Circuit Court for perjury, &c. Plea, not guilty. "Verdict and judgment for the plaintiff.
At the trial, the plaintiff introduced the records of the Hancock Circuit Court, and proved by them that an indictment had been preferred against him as alleged in his declaration. It was also proved by the same records, that, at the same term at which the bill was found, a nolle prosequi was entered to the indictment by the prosecuting attorney; whereupon the Court rendered the following judgment, viz., “ It is therefore considered that the said defendant as to said indictment go hence, thereof acquit, without day.” The evidence showing the agency of Chapman in procuring the indictment, the want of probable cause, &c., is not spread upon the record. The Court was asked by the defendant to instruct the jury, that the entering a nolle prosequi to an indictment by the prosecuting attorney,is not such an acquittal as is necessary to maintain the action of malicious prosecution. The Court refused the instruction asked, and instructed the jury that the evidence *543 offered was sufficient to prove that the plaintiff had been prosecuted, and that the prosecution was ended. Other instructions were asked and refused, but no error, as it respects them, is complained of.
The instruction refused and those given present for our consideration the question, .whether, a nolle prosequi entered to an indictment, together with a judgment of the Court discharging the defendant therefrom, is such a termination of the prosecution as will support this action ?
There is no doubt but that to support the action, it must be shown that the prosecution is determined. All the authorities concur on this point. And perhaps it is equally true, that the entry of a nolle prosequi by the prosecuting attorney, without any judgment of the Court discharging the defendant from the indictment,is not regarded as such a termination. In Goddard v. Smith, 3 Salk., 245, which was an action for a malicious prosecution upon an indictment for barratry, to which a nolle prosequi had been entered by the attorney general, it was held that the prosecution was not determined. The reason given was, that upon the same indictment new process might be taken.out. In the same case it was said by the Court, that the termination of the *prosecution must be by an acquittal on the merits of the case,but this does not seem to be necessary. Chambers v. Robinson, 2 Strange, 691; Wicks v. Fentham et al., 4 T. R., 247. If it be shown that the original prosecution, wherever instituted, is at an end, it will be sufficient. Fisher v. Brestow et al., 1 Doug., 215, and note. Is the prosecution to which reference is made in this case at an end? We answer it is. Although a new indictment may be preferred against the defendant, new process can not issue upon the former indictment. The judgment of the Court puts an end to further proceedings against the defendant upon it. Where a man is maliciously indicted he may not be able to obtain a trial on the merits, if the prosecuting attorney is determined to, and actually does, nol. pros, the indictment. It is therefore not unreasonable that he should, in that event, ask for and obtain a judgment of the Court discharging him *544 from further answering to the indictment; and in such a case, if no action lies, an innocent man may be harrassed without the hope of redress. We are therefore of opinion, that the Court did not err in admitting the records of the Hancock Circuit Court as evidence that the original prosecution was determined; and tha.t there was no error in the instructions given to the jury.
Another error assigned is, the refusal of the Court to strike the cause from the docket of the Marion Circuit Court for want of jurisdiction. At the first term after'the papers were filed in the Marion Circuit Court, the defendant moved the Court to strike the cause from the docket, and remand the papers to the Hanooch Circuit Court, because it did not appear that the judges of the Hancock Circuit Court had awarded a change of venue, in the case “ under their hands,” nor that said judges had ordered the Clerk of the Hancock Circuit Court to transmit the papers to the clerk of the Marion Circuit Court, and because the expenses attending the removal of the papers to the latter Court had not been paid. It is admitted that all the papers that belonged to the cause, were delivered, by the clerk of the Hancock Circuit Court to the plaintiff in the suit, who delivered them safely to the clerk of the Marion Circuit Court. The motion was properly overruled. If a change of venue be ordered by a judge in vacation, it is necessary that the change be “ awarded under his *hand ; ” and that he order the clerk of the Court, before which the suit is pending, to send forward the papers to such Court as he may direct. A written order from the judge in such cases is, under the circumstances, the only record that can be made of his determination. But when the change is awarded in open Court, as was done in this case, an entry upon the records of the Court directing the change, and ordering the clerk to transmit the papers, is a substantial compliance with the statute. As to the remaining reason, that is, that the costs of i’emoval were not paid by the party applying for the change, we think it unnecessary to inquire whether it were sufficient, if true, to oust the Marion *545 Circuit Court of jurisdiction. There was no evidence offered of its truth, and the Court very properly disregarded it.
W. W. Wick and L. Barbour, for the plaintiff.
W. Quarles and P. Sweetser, for the defendant.
Per Curiam.—The judgment is affirmed with costs.