## MILLISON *v.* HOCH.

Suit to recover for deceit in the sale of a yoke of cattle. The complaint averred, that "the defendant well knowing the premises, and intending to cheat and defraud the plaintiff, falsely and fraudulently represented to him, that the cattle were gentle," &c. The Court instructed the jury, that if they found the defendant had been guilty of a fraud upon the plaintiff, they might assess exemplary, or smart damages, in addition to compensatory, or actual damages.

*Held*, that the instruction was correct; the rule being, that where the offense is not punished by the criminal law of the land, and where the elements

Nov. Term,
1861.

Millison
v.
Hoch.

Wednesday,
December 4.

of fraud, malice, gross negligence, or oppression, mingle in the controversy, the jury may give vindictive or exemplary damages.

APPEAL from the *Pulaski* Common Pleas.

WORDEN, J.—Suit by *Hoch*, against *Millison*. There were two counts in the complaint; one alleging a breach of warranty in the sale of a yoke of oxen; the other alleging false and fraudulent representations made by the defendant to the plaintiff, in reference to the oxen

Issue; trial by jury; verdict and judgment for the plaintiff.

A new trial was asked, on the ground of excessive damages; that the verdict was not sustained by the evidence; and for error of law occurring at the trial, in this, to wit: "the Court erred in instructing the jury as follows: 'If the jury find from the evidence, that in the sale of the cattle, by *Millison* to *Hoch*, the defendant was guilty of a fraud upon *Hoch*, the jury may assess exemplary, or smart damages, in addition to compensatory, or actual damages proved.'"

The instruction, thus given, was applicable to the second count in the complaint, which alleged, that at the time of the sale of the cattle, "the defendant, well knowing the premises, and intending to cheat and defraud the plaintiff, in said sale, falsely and fraudulently affirmed, and represented to him, that the cattle were gentle," &c., (here follow the representations, which are averred to have been false;) "all of which," it is averred, "was well known to the defendant at the time he made said representations."

The instruction given, we think, is sustained by the case of *Taber* v. *Hutson*, 5 Ind. 322. The rule was there recognized, that where the offense is not punished by the criminal law of the land, and "whenever the elements of fraud, malice, gross negligence or oppression, mingle in the controversy, the law, instead of adhering to the system, or even the language of compensation, adopts a wholly different rule. It permits the jury to give what it terms punitory, vindictive, or exemplary damages."

There is another instruction discussed in the brief of counsel for the appellant, but as it was not brought to the

attention of the Court below, in the motion for a new trial, <span>Nov. Term,</span>
we shall not notice it. The language of the reasons for a <span>1861.</span>
new trial, excludes the idea that any instruction was com- <span>SHEPHERD</span>
plained of, except the one there set out. <span>v.</span>
<span>FISHER.</span>

We cannot reverse the judgment on the evidence, as that
tends to support the verdict.

*Per Curiam.*—The judgment is affirmed, with 1 per cent.
damages and costs.

*D. D. Pratt* and *D. P. Baldwin*, for the appellant.

*D. D. Dykernan*, for the appellee.