## SANGSTER *v.* PRATHER.

VENDOR AND PURCHASER.—*Fraudulent Representations.*—*Measure of Damages.*—Where in a sale of an undivided one-half of a tract of land, the vendor falsely and fraudulently represented to the purchaser that there was then upon said land a house of a particular size and description;

*Held,* that the measure of damages for the lack of such house, in a suit by the purchaser against the vendor for such fraudulent representation, was one-half the amount of the increase there would have been in the value of said land if there had been such a house upon it at the time of the sale, and not merely one-half the amount of money it would then have taken to put such a house on the land.

APPEAL from the Fountain Circuit Court.

DOWNEY, J.—This was an action brought by the appellee against the appellant for fraudulent representations with reference to the quality, situation, improvements, and value of certain real estate, the undivided one-half of which he had conveyed to the appellee. Among other alleged false representations was this : that there was erected and finished on the land a frame house containing three rooms, except that the rooms were not plastered.

Issues were formed, and there was a jury trial of the case, and finding and judgment for the plaintiff. A motion for a new trial was made, on the grounds that the verdict was contrary to law and not sustained by sufficient evidence, and because the court refused proper, and gave improper, directions to the jury. This motion was overruled, and the defendant excepted. The evidence is not in the record.

It is assigned for error, first, that the court erred in refusing to give a certain instruction asked for by the defend-

ant, as shown by the bill of exceptions; second, the court erred in giving a certain instruction over the objection of the defendant below; third, in overruling the defendant's motion for a new trial.

The whole case is reduced down to the single question relating to the instructions.

The defendant asked this instruction: "That in case the jury find from a preponderance of testimony that the defendant represented a house of a particular size and description, and further that the jury find that the plaintiff is not barred by the statute of limitations, that there is a measure of damages for the lack of such house in the amount of money that it would have taken at the time to put such a house on the land, and that one-half the value of such house will inure to the benefit of such joint owner."

The court refused to give this charge as asked, but modified it by leaving off all commencing with the word "amount," and extending to the end of the charge, and giving in lieu of that part of it these words: "difference in the value of said land with said house on it and the value without it, and one half the increased value of the land with the house on it would inure to the benefit of such joint owner."

Without avoiding the direct decision of the question presented, which, as the evidence is not in the record, perhaps we might do, we think the instruction as modified was right, and that the instruction as asked was not correct. To estimate the damages at one-half of what it would cost to build the house as the rule, would deprive the plaintiff of the use of the house during the time that would be consumed in its building. We think that the rule given by the court to the jury by which to measure the damages was the correct one. The charge of the court, as modified, was sufficiently favorable to the defendant, and he has no good reason to complain of it. This was not a suit for breach of contract, but was for a tort. The rule applied to the case by the court was the rule in suits on contract. *Jones* v. *Van Patten*, 3 Ind. 107; *Street* v. *Chapman*, 29 Ind. 142.

But this was a suit for fraud, in which the jury is not confined to exact pecuniary compensation, but may, under some circumstances, go beyond that. *Millison* v. *Moch*, 17 Ind. 227; *Taber* v. *Hutson*, 5 Ind. 322.

The judgment is affirmed, with five per cent. damages and costs.

*J. Ristine* and *S. C. Willson*, for appellant.

*T. F. Davidson* and *J. M. Butler*, for appellee.