## ZIEGLER *v.* POWELL.

MALICIOUS PROSECUTION.—*Pleading.*—The complaint in a suit for malicious prosecution need not allege that the defendant *falsely*, as well as "maliciously and without probable cause", made the accusation upon which the plaintiff was arrested, tried and acquitted.

SAME.—*Justice of the Peace.*—*Appointment of Special Constable.*—*Arrest by.*— On issuing process against the defendant in a criminal prosecution, a justice of the peace made and signed an entry of record in such cause that a "warrant issued to" A., "*special* constable"; but the warrant itself, on its face, was addressed to said A., as "*deputy* constable", and A., in making his return of arrest thereon, signed himself as A., "special constable."

Ziegler v. Powell.

*Held,* that such entry of appointment was sufficient, and such appointment was not vitiated by such use of the word *deputy* instead of *special.*

SAME.—*Instructions to Jury.—Damages.—Construction of Statute.—Criminal Law.*—A person who has instituted a criminal prosecution against another, consummated by the acquittal of the defendant, is not liable to prosecution under section 18 of the act defining misdemeanors, etc., 2 R. S. 1876, p. 465; and therefore in a suit for malicious prosecution, growing out of such criminal prosecution, there is no error in instructing the jury trying such cause that they may award punitive as well as compensatory damages against the defendant.

SAME.—*Damages.—May Include Attorney's Fee.*—In a suit for malicious prosecution, the damages assessed may include a reasonable attorney's fee, for which the plaintiff became liable in defending himself in the criminal prosecution against him, though he has not yet paid the same.

From the Vanderburgh Circuit Court.

*S. R. Hornbrook* and *P. Maier,* for appellant.

*J. S. Buchanan, H. C. Gooding* and *C. Buchanan,* for appellee.

PERKINS, J.—Powell, the plaintiff below, sued Ziegler for malicious prosecution. He alleged, in his complaint, that, on, etc., at, etc., Ziegler went before C. L. Roberts, a justice of the peace, of, etc., in, etc., and charged the plaintiff, Powell, by affidavit, with having feloniously stolen one game chicken, of the value of ten dollars, and caused him to be arrested on the charge; that afterwards, on, etc., said Powell had a hearing before the justice, on the charge, and was acquitted, adjudged not guilty and discharged, and that said Ziegler had taken no further steps in said prosecution, but had completely abandoned the same; that the charge had been extensively published by these proceedings, greatly to the damage of the plaintiff, Powell; that the charge was made maliciously, and without probable cause, etc.; that the plaintiff had to, and did become liable to, pay twenty-five dollars, as attorney's fees, in defending himself against said charge. Demurrer to the complaint overruled, cause tried on the general denial, verdict for the plaintiff for one hundred dollars, and judgment, over motions for a new trial and in arrest of judgment, on the verdict.

The appellant, in his brief, relies upon four alleged errors for a reversal of the judgment:

1. He insists that the court erred in overruling the demurrer to the complaint. The defect in it, insisted upon, is, that it does not aver that the defendant *falsely*, as well as maliciously and without probable cause, made the accusation. We think the complaint is sufficient. The complaint charges a regular prosecution for a felony, resulting in an acquittal of the defendant therein, before a court of competent jurisdiction. If it be necessary in such a case for the complaint to show that the charge was falsely made, that fact, prima facie, appears, it seems to us, by the averment that the person charged was tried and finally acquitted of the charge. But we do not think it material that the complaint should aver, specially, that the charge was falsely made, meaning that the charge was false; because the plaintiff could not recover in this suit, by simply proving the charge false and malicious; nor would it be necessary for the defendant, in order to succeed in his defence, to prove that it was true. His evidence would only necessarily relate to the three points, of probable cause, malice, and prosecution ended. A complaint averring only that a charge was made falsely and maliciously, before a competent court, upon which the person charged had been finally acquitted, would be bad on demurrer, on account of omitting the allegation "without probable cause," for the reason that it would not state facts constituting a cause of action. However false the charge might have been, if the person making it had probable cause for so doing, he would not be liable in a suit for malicious prosecution. See *Scotten* v. *Longfellow*, 40 Ind. 23; *Stancliff* v. *Palmeter*, 18 Ind. 321.

2. The next alleged error arises on these facts: the charge of larceny by Ziegler against Powell was contained in an affidavit filed by the former, before Mr. Justice Roberts, who issued a warrant thereon, addressed and delivered to Frank M. Link, deputy constable, by whom

it was executed by the arrest of Powell.   The return upon the warrant was:

"Came to hand September 29th, 1874.   I, as commanded, have served the within writ, and have the defendant now here in court.

"September 30th, 1874."          "FRANK M. LINK,
                          "Special Constable, P. S."

The entries upon the justice's docket, following the copy of the affidavit, touching the acting constable, are these:

"September 29th, 1874.   Warrant issued to Frank M. Link, special constable.          "C. L. ROBERTS, J. P."

"September 30th, 1874.   Warrant returned, indorsed," here follows a copy of the constable's return, above copied, signed Frank M. Link, special constable.   A subpœna for witnesses was issued.   The copy of the return on it, on the justice's docket, is:

"Subpœna returned served.   Service, mileage and return, ninety cents.

                   "F. M. LINK, Special Constable."

On the trial of this cause, the warrant, the return upon it, and the record of the trial and proceedings made by the justice were admitted in evidence.   The defendant objected to their admission, on the ground that they did not show the appointment of Link as a special, but as a deputy, constable, in the case in which he acted; that the proceedings of the justice were, consequently, illegal and void, and, therefore, that an action of trespass, not of malicious prosecution, was the remedy.

The statute authorizing the appointment of special constables, provides that the justice may appoint a special constable to act in a particular cause, and shall note such appointment in such cause on the docket, and shall direct process to him by name.   This is an imperative provision. *Dietrichs* v. *Schaw*, 43 Ind. 175.   And we think it was substantially complied with in this case.   The warrant was issued to Frank M. Link, by name, and delivered to

him. The justice then entered upon his docket, as an entry in the case, "warrant issued to Frank M. Link, special constable," and signed that entry, "C. L. Roberts, justice." The constable received the appointment as that of a special constable, and returned his action upon all processes in that character. But the justice made an unnecessary and erroneous designation of the character of Link's appointment in the warrant; and the question is, does such erroneous designation vitiate the appointment of Link as special constable, which was actually made and noted on the docket of the justice? We think not. We think the proceedings before the justice were substantially conformable to the statute, and valid, and that the objection to their admission in evidence was rightly overruled.

3. The third alleged error relates to the measure of damages.

The court instructed the jury that, in addition to compensatory damages, they might, if they thought the circumstances of the case justified, give punitive damages.

This instruction was excepted to, and counsel argue that it is erroneous, because, they assume, the person who maliciously prosecutes another is liable by our criminal code to indictment and punishment for the act, as a criminal. The section of the statute which they claim authorizes such punishment reads thus:

"Sec. 18. If any person shall maliciously, without probable cause, attempt to cause an indictment to be found, or other prosecution, for any crime or misdemeanor, to be commenced against any person; or if two or more persons shall conspire together for that purpose, the person so sought to be indicted or otherwise prosecuted being innocent, such person or persons so offending shall be fined not exceeding one thousand dollars, to which may be added imprisonment not exceeding six months." 2 R. S. 1876, p. 465.

This section of the misdemeanor act applies to an attempt to cause an indictment to be found, or a prosecution to be commenced; not to a consummated prosecution. Such are its terms.   There is no ambiguity about them.

The court instructed the jury that they might include, as an item in making up the aggregate of damages, if the evidence justified it, a reasonable attorney's fee for defending the malicious prosecution, for which the plaintiff might have become liable, but which he had not paid.

We think the authorities justify this instruction. Field on the Law of Damages, 544; *Munns* v. *Dupont*, 1 Hare & W. Lead. Cas., 5th ed., pp. 249, 276; Sedgw. Dam., 6th ed., p. 110.   The amount of the verdict and judgment in this case, as has been stated, was one hundred dollars.

The judgment is affirmed, with costs.