## McCarthy v. Kitchen.

MALICIOUS PROSECUTION.—*False Pretences.*—*Pleading.*—In an action for damages for malicious prosecution, the complaint alleged, that the defendant had maliciously, and without probable cause, procured the arrest of the plaintiff on a false charge of false pretences, first upon his own affidavit, and then upon an indictment, charging that the plaintiff, by false representations as to his solvency, made by him to the defendant, had procured the latter to endorse a promissory note executed by the former.

*Held,* on demurrer, that the complaint is sufficient.

SAME.—*Evidence.*—It is competent for the plaintiff, on the trial of such cause, to give evidence of a parol agreement between the plaintiff and defendant to become endorsers for each other.

SAME.—*Instruction to Jury.*—*Advice of Counsel.*—On the trial of such cause, the court instructed the jury, that, if such prosecution had been insti-

McCarthy *v.* Kitchen.

tuted by the defendant, in good faith, on the advice of an attorney, given on a full and fair statement of the facts, the defendant was entitled to a verdict; but that if such advice had been obtained " as a means of covering malice," and was not believed by the defendant, or if he did not believe the plaintiff to be guilty, but had commenced the prosecution to relieve himself of " liability on the note in question," then the procuring of such advice was not available as a defence.

*Held,* that the instruction was right, on the evidence given.

NEW TRIAL.—*Misconduct of Juror.*—Where, pursuant to the direction of the court, a verdict found by a jury during an adjournment is sealed up, to be returned at the calling of the court, the fact that one of the jurors, without stating what their verdict was, stated that they had agreed on a verdict, is not such misconduct as would authorize a new trial

From the Tippecanoe Circuit Court.

*J. A. Stein,* for appellant.

*T. B. Ward, W. C. Wilson* and *J. H. Adams,* for appellee.

HOWK, J.—The appellee, as plaintiff, sued the appellant, as defendant, in this action, in the court below, to recover damages for an alleged malicious prosecution.

Appellee alleged, in substance, in his complaint, that, on the 7th day of July, 1873, the appellant appeared before John S. Allen, a justice of the peace of Fairfield township, in Tippecanoe county, Indiana, and voluntarily made and filed with said justice an affidavit, setting it out in said complaint. In said affidavit, the appellant charged, in substance, that, on May 30th, 1873, at said county and State, the appellee did then and there unlawfully, feloniously, designedly, and with the intent to cheat and defraud the affiant, the appellant, and one Alexander H. McLeod, who, the appellant and said McLeod, were then and there the members composing the firm of J. R. McCarthy & Co., of said county, falsely pretend to the appellant and said McLeod, that he, the appellee, and one William I. Thompson, who, the appellee and said Thompson, were then and there the members constituting the firm of Thompson & Kitchen, merchants of said county, were not indebted as a firm in a greater sum than two thousand dollars, and that he, the appellee, did then and

there and thereby, and by means of said false and fraudu-
lent pretences, knowingly, wilfully, falsely, feloniously and
designedly, and with intent to defraud and cheat the said
firm of J. R. McCarthy & Co., obtain the signature of
said firm of J. R. McCarthy & Co. to a certain instru-
ment in writing, and its delivery to the appellee, reading
as follows : Setting out the copy of the joint note of
Thompson & Kitchen and J. R. McCarthy & Co. for one
thousand five hundred dollars, dated May 30th, 1873, and
payable sixty days after date to the order of Chas. T.
Mayo, at the Second National Bank of Lafayette, with in-
terest at the rate of ten per cent. per annum from ma-
turity, etc.; whereas, in truth and in fact, the said firm
of Thompson & Kitchen were then and there indebted in
a much larger sum than two thousand dollars, to wit, the
sum of fifty thousand dollars, all of which the appellee
then and there well knew, contrary to the form of the
statute, etc.   And the appellee averred, that the appellant
made and filed said affidavit maliciously, and without any
probable cause whatever, and that the appellant procured
the appellee to be arrested thereon, and that the appellee,
without examination, entered recognizance bail for his
appearance to answer said charge, in said affidavit con-
tained, at the criminal circuit court of said county; and
the appellee further averred, that the appellant afterward,
to wit, in August, 1873, maliciously and without any
probable cause whatever, appeared before the grand jury
of said criminal court, and caused and procured said
grand jury to return an indictment against the appellee,
upon a false charge of "false pretences," setting out a
copy of said indictment, which contained precisely the
same charge that was set forth in the appellant's affidavit,
before set out; and the appellee further averred, that he
was arrested to answer the said charge, and that said in-
dictment was not prosecuted, but was, at a subsequent
term of said court, dismissed without trial, and the appel-
lee discharged; and the appellee further averred, that, at

the time aforesaid, he was a merchant in the city of Lafayette, and there engaged in business; and that, by reason of said charge, he sustained great loss in his business, and injury to his credit. Wherefore, etc.

To this complaint the appellant demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court below, and to this decision the appellant excepted.

The appellant answered the complaint by a general denial thereof; and the issues joined were tried by a jury in the court below, and a verdict was returned for the appellee, assessing his damages at two thousand dollars. The appellant's written motion for a new trial was overruled by the court, and to this decision he excepted; and his motion in arrest of judgment having also been overruled, and his exception saved to such ruling, judgment was rendered on the verdict, from which judgment the appellant now prosecutes this appeal.

In this court, the appellant has assigned, as errors, the following decisions of the court below:

1st. In overruling his demurrer to the complaint;

2d. In overruling his motion for a new trial; and,

3d. In overruling his motion in arrest of judgment.

We will consider and decide the several questions presented by these alleged errors, in the order of their assignment.

1. The appellant's objection to the complaint was thus stated by his learned counsel, in his argument of this cause, in this court: "The appellee, in his complaint, omitted to deny by express allegation, that the representations he had made in order to secure the signature of J. R. McCarthy & Co., as charged in the original affidavit of McCarthy, were as stated in said affidavit." We understand from this objection, that counsel claims that appellee's complaint was bad on demurrer, for the want of an averment therein that the charge, on which the appellant had instituted the prosecution, was false. If such is the

meaning of appellant's objection, we think that the complaint is not open to the objection, for it is averred in the complaint, that the appellant maliciously, and without any probable cause whatever, caused and procured the appellee to be indicted, upon a *false* charge of "false pretences." In our opinion, the averments of appellee's complaint were amply sufficient to withstand the appellant's demurrer for the want of sufficient facts. *Ziegler* v. *Powell,* 54 Ind. 173.

2. In the appellant's motion for a new trial, several causes were assigned therefor, consisting chiefly of alleged errors of law, occurring at the trial and excepted to at the time by the appellant. We will consider, in this opinion, only such of these alleged errors of law, as the appellant's counsel has discussed in his argument of this cause, in this court. On the trial of the cause, the appellee, as a witness on his own behalf, over the objection and exception of the appellant, was permitted to testify to the existence of a mutual agreement between his firm and that of J. R. McCarthy & Co., that the two firms should reciprocally endorse, each for the accommodation of the other. The appellant's objection to the admission of this evidence was, that it was "irrelevant, improper and not pertinent to the issues of the case." The evidence was not open to this objection. On the contrary, it seems to us, that the evidence in question was material, proper and pertinent to the issues. The fact to be proved thereby was one from which the jury might reasonably infer that the endorsement, on which the criminal charge against the appellee was predicated, instead of having been procured by means of any false pretences, was really made by the firm of J. R. McCarthy & Co., in pursuance of, and in conformity with, their previous mutual agreement with the firm of which the appellee was a member. It is very certain, we think, that the evidence in question was not irrelevant, nor improper, nor impertinent to the issues, however damaging it may have been to the appellant.

The appellant's counsel also complains, in argument, of the following instructions of the court below to the jury trying the cause :

"If you believe from the evidence, that the defendant consulted an attorney, and made a full and fair representation to him of the facts, that said attorney advised the prosecution, and that defendant acted in good faith on such advice, then you should find for the defendant.

"If, however, the defendant consulted counsel, as a means of covering malice, and did not believe the advice given him, or that the plaintiff was guilty of the crime charged against him, but commenced the prosecution as a means to get rid of the liability on the note in question, then the fact that he consulted counsel can not avail him."

In our opinion, these instructions, taken together, fairly and correctly state the law on the subject thereof. *Scotten* v. *Longfellow*, 40 Ind. 23, and *McCullough* v. *Rice*, *post*, p. 580. It is very certain, at least, that the appellant can not complain of these instructions. Appellant's counsel concedes, that "the first paragraph of the instruction is undoubtedly correct." But we think, that the second paragraph is a necessary part of the instruction, in order that it might contain a full and complete statement of the law on the subject of the instruction. The law is, that such advice of an attorney, fairly obtained and honestly acted upon, may be given in evidence on the trial, not as an absolute justification of the prosecution, but as a fact tending strongly to rebut the presumption of malice and the want of probable cause. *Burgett* v. *Burgett*, 43 Ind. 78, and *Smith* v. *Zent*, *ante*, p. 362.

The chief objection of the appellant's attorney to the second paragraph of the instruction seems to have been, as stated by him, that "there was not a particle of testimony bearing on the point." But, in this statement, we think that counsel is mistaken. P. W. Kennedy, a witness for the appellee, testified : "I remember the circumstance of Kitchen's" (appellee's) "arrest in 1873,

upon **Mr.** McCarthy's" (appellant's) "affidavit. Before or after that arrest, I had a conversation with McCarthy, in which he informed me that they intended to make the arrest. I advised him to be cautious, and act advisedly. He answered that the case was a desperate one, but he was prepared to meet the result or abide the consequences. I heard him say he intended to scare Kitchen into the payment of a note. He admitted that they mutually endorsed for each other, and that there was living evidence in the bank of it. He said that the note in the Union National Bank had not yet matured, but that he was going to take it up to destroy the evidence."

In the face of such testimony, which was uncontradicted, although the appellant was a witness on the trial, it will not do to say, as it seems to us, that there was no evidence in the record to which the second paragraph of the instruction would apply. In our opinion, there was no error committed by the court in its instructions, of which the appellant can complain.

A point is made by appellant's counsel on the alleged misconduct of one of the jurors trying the cause. It appeared, from the affidavits and counter-affidavits filed in connection with this cause for a new trial, that, when the jury retired to consider of their verdict in this cause, they were instructed, if they agreed upon a verdict, to seal it up and bring it into court the next morning; that, about six o'clock the next morning, one of the jurors met with three men, who inquired of him if the jury had agreed on a verdict, and how long they were out; that he answered, that they had agreed on a verdict about four o'clock on that morning; and that he added, that, if the jury had all been like him, it would not have taken them so long to agree, as he could have decided the case in ten minutes after the jury retired. It was not claimed, that the juror gave the slightest intimation, in any manner, of what the verdict was. This conduct of the juror can not, in our opinion, be regarded as misconduct, within

the meaning of that term as used in the statute providing the causes for which a new trial may be granted. There was no such misconduct shown on the part of the juror named, as, we think, ought to vitiate or avoid the verdict.

It is insisted very earnestly by the appellant's counsel, that the evidence did not sustain the verdict. We think it did. It seems to us, from our reading of the evidence, that the appellant had recourse to the extreme and dangerous methods of the criminal law, for the purpose of escaping liability upon his contract, assumed voluntarily and pursuant to his previous agreement, and not for the purpose of vindicating the majesty of the law or securing the just punishment of the guilty. He wanted to "scare" the appellee into the payment of the note, on which he had become liable as the appellee's security; and, to accomplish this end, he had recourse to a criminal prosecution. His scheme failed, as all such schemes ought to fail, to accomplish the desired end; but it did not fail to bring scandal, vexation, expense, and, at least, temporary disgrace, to the appellee. Under such circumstances, the appellant ought to have been prepared (to use his own language, as testified to by Kennedy,) "to meet the result or abide the consequences."

In our opinion, no error was committed by the court below in overruling the appellant's motion for a new trial.

3. The third error assigned by the appellant, namely, the overruling of his motion in arrest of judgment, is not even alluded to by his learned attorney, in his brief of this cause in this court. We may, therefore, regard this third error as, at least, impliedly waived. Besides, this third error is fully embraced in the first alleged error, as the third error only calls in question the sufficiency of the complaint after verdict.

The judgment is affirmed, at the appellant's costs.