Lytton v. Baird.

No. 10,654.

## LYTTON v. BAIRD.

| 95 | 349 |
|---|---|
| 138 | 158 |
| 95 | 349 |
| 140 | 70 |
| 95 | 349 |
| 149 | 406 |
| 152 | 186 |
| 95 | 349 |
| 155 | 60 |

INSTRUCTIONS.—Though a single instruction taken alone might be erroneous, yet, if all relating to the subject, when taken together, expresses the law correctly, there is no available error.

MALICIOUS PROSECUTION.— *Probable Cause.*—The existence of probable cause for a criminal prosecution does not depend upon the guilt of the accused.

SAME.—*Instructions.*—To a suit on a note it was pleaded that the execution of the note was procured at W. by certain false statements, and issue was formed thereon. A witness on the trial was indicted for perjury, and, being discharged, sued for malicious prosecution, and upon that trial the court instructed that on the trial of the suit on the note, the place of its execution was not a material matter.

*Held*, that the instruction was correct.

SAME.—*Probable Cause, Mixed Question of Law and Facts.*—The question of probable cause is a question of law, where the facts touching it are not disputed ; but if the facts be in question, then it is a mixed question of law and fact, to be left to the jury under proper instructions.

SAME.—*Exemplary Damages.*—Exemplary damages may be given in an action for malicious prosecution.

SAME.—*Measure of Damages.— Instruction.— Evidence.— Harmless Error.*— Where the complaint in a suit for malicious prosecution claimed special damages only for the expenses of his defence, it is error to instruct that he is entitled to compensation for " expenses and *losses* sustained by reason of the prosecution ; " but if there be no evidence of expenses and losses sustained except in preparing his defence, the error is harmless, as against the defendant.

SAME.—*Judgment.*—The record of the criminal case upon which the suit for malicious prosecution was founded was in evidence, and showed a judgment in these words : " The defendant moves to quash the indictment herein, which motion the court sustains, and said defendant is discharged."

*Held*, that this, though informal, was a good judgment, ending the prosecution and discharging the defendant.

*Held*, also, that it was error to refuse to instruct that without proof that the criminal prosecution had terminated in the plaintiff's favor, he could not recover, but the error was harmless in view of the record evidence, which was conclusive proof of the fact.

SAME.—*Advice of Counsel.—Evidence of Malice.*—If a party, upon a full statement of the facts within his knowledge, and for an honest purpose, acts upon the advice of counsel in procuring a criminal prosecution, the fact is evidence to rebut malice and want of probable cause, but it is not conclusive.

From the Monroe Circuit Court.

· J. F. Pittman, J. R. East, J. H. Louden and R. W. Miers, for appellant.

G. W. Grubbs, J. W. Buskirk and H. C. Duncan, for appellee.

COLERICK, C.—This was an action for malicious prosecution brought by the appellee against the appellant.   The complaint, in substance, averred that, on the 1st day of February, 1881, the appellant maliciously, and without probable cause, procured the grand jury of Monroe county to indict the appellee upon a charge of perjury; that he was arrested and imprisoned, and afterward gave bond for his appearance in the Monroe Circuit Court to answer said charge; that subsequently such proceedings were had in said cause that he was fully and finally discharged from said prosecution; that said charge was wholly false; that he was compelled to expend and become liable for a large amount, to wit: $1,000, in employing counsel and preparing for the defence of the case, and that he was damaged in the sum of $5,000, for which he demanded judgment.   To this complaint an answer of general denial was filed, and the issues formed were submitted to a jury for trial, who returned a verdict in favor of the appellee for $1,000.   A motion for a new trial was made and overruled, to which ruling the appellant excepted, and thereupon judgment was rendered against him, from which he appeals, and assigns as the only error for the reversal of the judgment the overruling of his motion for a new trial.

The reasons assigned for a new trial were:

1.   That the verdict was contrary to law.

2.   That the verdict was not sustained by sufficient evidence.

3.   That the court erred in giving, on its own motion, instructions numbered from one to twelve, inclusive.

4.   That the court erred in refusing to give the special instructions asked by the appellant.

Lytton v. Baird.

5. That the court erred in admitting certain evidence, re-cited in the motion.

6. That the damages assessed were excessive.

7. That the court erred in allowing certain evidence, re-ferred to in the motion, to be introduced.

The appellant's counsel, with commendable zeal and ability, review the evidence rendered on the trial, and insist that the judgment should be reversed because of the insufficiency of the evidence to sustain the verdict. We have carefully ex-amined the record, and find that as to every material fact in-volved in the case opposing evidence was introduced, and that a conflict therein as to each fact exists. Adhering to a long established and inflexible rule of this court, we will not, in view of its conflicting nature, attempt to review the evidence, so as to reconcile, if possible, its conflict, or determine its pre-ponderance, which was peculiarly and properly the province of the jury who tried the case, and who possessed the oppor-tunity and advantage, which we do not enjoy, of seeing the witnesses, and observing their conduct and demeanor while testifying, which so often furnish the safest and most satisfac-tory means of testing the credibility of the witnesses and de-termining the weight to be given to their evidence. It is sufficient to say that the evidence strongly tends to sustain all the material facts in the case, and for that reason we can not disturb the verdict on the weight of the evidence.

The third reason assigned for a new trial related to the instructions that were given to the jury by the court on its own motion. The ones criticised and discussed by the ap-pellant are those numbered three, four, five, six, seven, nine and eleven.

The objection presented to the third instruction is, that it misstated the issues to be tried by the jury, in this, that the appellant was not compelled, in order to make his defence available, to prove, as indicated in the instruction, that the appellee was guilty of the crime with which he was charged, but was only required to show that reasonable cause existed

for making the accusation against him. This instruction, considered alone, unaided by other instructions, was erroneous, and unless it can be and is construed with reference to and in connection with other and subsequent instructions upon the same subject that were given by the court, and to which we will hereafter refer, the judgment must be reversed. In the case of *Scotten* v. *Longfellow*, 40 Ind. 23, this court said, " The guilt or innocence of the party charged is not the gist of the action. Probable cause may exist in the absence of guilt. * * The falsity of the charge and probable cause are very different things."

The question of the presence or absence of probable cause does not depend upon the guilt or innocence of the accused, or upon the fact whether or not a crime has been committed. *Hays* v. *Blizzard*, 30 Ind. 457 ; *Carl* v. *Ayers*, 53 N. Y. 14; *Baldwin* v. *Weed*, 17 Wend. 224 ; *Bacon* v. *Towne*, 4 Cush. 217 ; *Thompson* v. *Lumley*, 50 How. Pr. 105 ; *Moore* v. *Sauborin*, 42 Mo. 490 ; *Gallaway* v. *Burr*, 32 Mich. 332. Want of probable cause and malice are the issue in the cause, and it makes no difference as to the innocence of the accused. *Skidmore* v. *Bricker*, 77 Ill. 164; *Brennan* v. *Tracy*, 2 Mo. Ap. 540.

But, in this case, the court, in its sixth instruction, stated that although the accused might have been innocent of the offence with which he was charged, " still the defendant in this case would not be liable to the plaintiff for any damages on account of the indictment and prosecution referred to, unless, 1st. He caused and procured it to be instituted. 2d. He did this without probable cause. * * * The plaintiff does not ake out his case by satisfying you that he did not commit the perjury charged ; and, further, that he was prosecuted at the procurement of the defendant; he must go further still and show that the defendant did this without probable cause."

In its seventh instruction the court repeated the statement that the plaintiff must show the want of probable cause, which was defined by the court, and in its ninth instruction stated to the jury, if " you determine that he (the defendant) did

cause or procure the indictment to be returned and the prosecution to be instituted, then you will pass to the third and last inquiry, Did he do this without probable cause? If you find that defendant did cause and procure said indictment and prosecution to be instituted, but that he had probable cause to do so, then you should find for the defendant."

We think that the sixth, seventh and ninth instructions, above referred to, are to be considered in connection with the third instruction, to which the objection is made. As stated in *White* v. *Beem*, 80 Ind. 239, " It is settled by repeated decisions that the instructions must be taken as a whole ; and if, so taken, they express the law correctly, they will be upheld." See, also, *Branstetter* v. *Dorrough*, 81 Ind. 527 ; *Walker* v. *Heller*, 73 Ind. 46.

The same objection is urged against the fourth instruction. The observations which we have made as to the third instruction are pertinent, and apply with equal force to this instruction.

The objection presented by the appellant to the fifth instruction is that it stated to the jury that it was immaterial where the note mentioned in the fourth instruction was executed. The fourth and fifth instructions, like others to which we have referred, are to be construed and considered together, as they involve the same subject-matter, and, in fact, constitute a single instruction. The court, after informing the jury that the issue tried in the action upon the note (being the action in which it is said that the appellee, as a witness, committed perjury) was, whether or not Mrs. Lytton was induced to execute the note by fraud or false representations, stated that if the jury found that the appellee on that issue testified falsely, they should find for the appellant; and in that connection the court, in its fifth instruction, stated that " The material matter of inquiry in the former trial was not where the note was executed, but was, Did Mrs. Lavina Lytton in fact execute it in good faith and without fraud or false repre-

sentations? It is not material whether it was done at Dr.
Walker's or at Gosport."

To determine the correctness of this instruction, it is nec-
essary to state briefly the facts relating to the execution of
the note.   It appears, by the evidence, that one Ettie Allen,
a daughter of Mrs. Lytton, being indebted to Fahnley & Mc-
Crea, made an arrangement with their agent, the appellee, by
which she was to execute to them, for their claim, her note,
with Mrs. Lytton as surety, which note was executed.   After-
wards, in an action which was brought upon the note, Mrs.
Lytton filed an answer, averring that the note had been pro-
cured from her, at the house of Dr. Walker, by fraud, and
recited therein the facts constituting the alleged fraud.   On
the trial of said action she testified, in substance, that the
facts averred in her answer were true, but on the trial of this
action she stated that the note was executed by her at the
store of Ettie Allen, in Gosport, and not at the house of Dr.
Walker, as previously stated by her, and explained her former
contradictory statement as to the place of its execution, by
saying that she had been induced to so testify by her son
(the appellant) and others, who told her that she must do so
in order to save her property.   The appellee, as a witness in
said former action, denied the statement then made by Mrs.
Lytton that the note was executed at Dr. Walker's, and as-
serted that it was executed at the store of Ettie Allen at Gos-
port, and that no fraud was practiced, or false representations
made, to induce her to execute it, and that it was fully ex-
plained to and understood by her before and at the time of
its execution.   It does not appear that on the trial of said
former action any evidence, in corroboration of that then
rendered by Mrs. Lytton, was introduced.   While, on the
other hand, it does appear that the evidence of the appellee,.
then rendered, as to the place where and the circumstances
under which the note was executed by her, was corroborated
by the evidence of Ettie Allen and Mrs. Steinwalt.   The
material fact involved and determined in that action, as stated

by the court in its instructions in this case, was not where the note was executed, but was whether its execution by Mrs. Lytton had been procured by fraud and false representations. If it was procured by or through such means, its collection, as to her, could not have been enforced. It could make no material difference whether the fraud was committed at the house of Dr. Walker, or at Gosport, as, in either case, the result, as to the legal effect of the note, and the liability of Mrs. Lytton thereon, would have been the same.

It is insisted that the sixth instruction was erroneous, in not stating that it was necessary for the appellee to prove that the prosecution was caused or procured by the appellant through malice. It is not subject to the objections urged, as it explicitly stated that to entitle the appellee to recover he must establish, by a preponderance of the evidence, certain facts, viz.: That he was falsely and maliciously prosecuted for the crime of perjury, and that the prosecution was caused and procured by the appellant without probable cause. The same objection is presented by the appellant to the ninth instruction, but the omission complained of is supplied by the next instruction, in which the question of malice, as in other instructions, was kept prominently before the jury as an essential fact to be established by the appellee in order to recover in the action. As was said by this court, in *Colee* v. *State*, 75 Ind. 511: "It is clear that, taking the instructions together, and it is proper to so take them, the law upon this point was correctly stated to the jury. It would be almost impossible, in a complicated case, for all the relevant rules of law to be stated in one instruction. At all events, it would be unreasonable to expect or require that each separate instruction, standing alone, should fully and correctly state the principles of law applicable to the case."

Two objections are made by the appellant to the seventh instruction: 1st. Because it stated that the material question was not where the note was executed, but was it really executed at all? 2d. Because it informed the jury that the

question of probable cause was a question of fact, of which they were the judges. In considering the first objection, it must be borne in mind that this instruction is to be considered in connection with, and as a part of, the fourth and fifth instructions, which related to the same subject. So considered, the instruction was not erroneous. The court, in its fifth instruction, said: "Did the plaintiff in this case, as a witness on the former trial, swear falsely, wilfully and corruptly upon the question as to whether Lavina Lytton executed the note in suit in good faith and without any fraud or false representations? If you find from the evidence that the plaintiff did so swear then you. should find for the defendant." . It was not necessary for the court, in each of its instructions as to the execution of the note, to repeat that which had been stated in former instructions. It is fair to presume that the jury were sufficiently intelligent to comprehend the drift and meaning of the different instructions upon this subject, considered either separately or as an entirety. The statement of the court, in its seventh instruction, that "the material question was not where it (the note) was executed, but was it really executed at all," is to be, and doubtless was, by the jury, considered in connection with the statement in the former instruction, "without any fraud or false representations." The comments which we have made relative to the fifth instruction are applicable to this instruction.

As to the second objection to the instruction, the appellant incorrectly states its language. The court said: "Then you come to the last inquiry, if the defendant did procure said indictment to be returned, and the prosecution to be instituted, did he have no probable cause? Probable cause means that the party has possession of certain facts, either from information or actual knowledge, which would induce a reasonably prudent man to believe that the crime in question was committed." It will be observed that the court stated to the jury what constituted, in law, probable cause, and properly submitted

to them the question, whether the facts in this case, as shown by the evidence, established probable cause, as defined by the court.

The question of probable cause, where there is no conflict in the evidence, nor disputed facts, nor any doubt upon the evidence, or the inferences to be drawn from it, is one of law. But if the facts adduced as proof of want of probable cause are controverted, or if conflicting evidence is to be weighed, or if the credibility of witnesses is to be passed upon, the question of probable cause should go to the jury, with proper instructions as to the law. In such cases it is a mixed question of law and fact. 4 Wait Actions and Defenses, p. 344, and the cases there cited.

The appellant complains of the eleventh instruction, and contends that it is erroneous: 1st. Because it informed the jury that if they found for the appellee, in assessing his damages they should give " such damages as will compensate him for any actual expense and loss he has sustained by reason of the prosecution." 2d. Because the jury were told that they had the right to add such other damages as they thought, under the circumstances, would be proper as punitive damages.

The averment in the complaint relative to expenses actually incurred by the appellee by reason of the prosecution, was, " That he was compelled to expend and become liable for a large amount, to wit, $1,000, in employing counsel and preparing for the defence of the case." There was no averment that he had incurred any other expenses, or had sustained any losses, by reason of the prosecution. The only damages for expenses that he could have recovered, under this averment, were those therein mentioned; he was not entitled to recover damages for losses sustained by him, as none were averred. The instruction, in this respect, was erroneous, but it was a harmless error, as no evidence was introduced on the trial to prove that any such losses had been sustained by the appellee, or that any expenses had been incurred by him other than those caused by the employment of counsel to defend him on

the criminal charge. These he was entitled to recover, although they were then unpaid. *Ziegler* v. *Powell*, 54 Ind. 173. But the appellant has no cause to complain of that part of the instruction relating to compensatory damages, as the rule fixed by the court for their measurement, except in the respect to which we have referred, was restricted to narrower limits than the law justified. If, as in this case, the malicious prosecution complained of is founded upon a criminal charge, on which the defendant therein was arrested, he has a right to indemnity for all the injury to reputation, feelings, health, mind and person caused by the arrest, including the expenses of his defence. *Sheldon* v. *Carpenter*, 4 N. Y. 579 ; 2 Greenl. Ev., section 456 ; 3 Phillipps Ev., p. 573. The allegations of the complaint were sufficiently broad to authorize such damages, as they recited the arrest and imprisonment of the appellee.

The right in such actions to recover punitive damages is well settled by the authorities. The jury, in estimating damages, are not confined to the actual damages proved, but they may, in the exercise of a sound discretion, give exemplary or punitive damages. *Ziegler* v. *Powell, supra; Lawrence* v. *Hagerman*, 56 Ill. 68. The jury may take into consideration all the circumstances of the case, and award such damages as will not only be a compensation for the wrong and indignity sustained in consequence of the wrongful act, but may also award exemplary or punitive damages as a punishment for such act. *Stewart* v. *Cole*, 46 Ala. 646.

The general rule in assessing damages in cases like this, where the wrongful act complained of can not be punished by the criminal law, and the element of malice is involved, was correctly stated by this court in the case of *Taber* v. *Hutson*, 5 Ind. 322, and the rule as there declared has been since then recognized and approved by this court. See *Meyer* v. *Bohlfing*, 44 Ind. 238 ; *Millison* v. *Hoch*, 17 Ind. 227 ; *Nossaman* v. *Rickert*, 18 Ind. 350 ; *Sangster* v. *Prather*, 34 Ind. 504 ; *Guard* v. *Risk*, 11 Ind. 156.

In *Millison* v. *Hoch, supra,* this court said : " The instruc-tion given, we think, is sustained by the case of *Taber* v. *Hutson,* 5 Ind. 322. The rule was there recognized, that where the offence is not punished by the criminal law of the land, and ' whenever the elements of fraud, malice, gross negligence or oppression, mingle in the controversy, the law, instead of adhering to the system, or even the language of compensation, adopts a wholly different rule. It permits the jury to give what it terms punitory, vindictive, or exemplary damages.' "

The fourth cause assigned for a new trial was the refusal of the court to give to the jury the special instructions asked by the appellant, and numbered from one to five, inclusive.

The legal principles correctly stated in the first, second, third and fourth instructions, except the last clause of the first instruction, were clearly embraced in the instructions given by the court on its own motion, and for that reason no error was committed in refusing to give said special instruc-tions. The clause of the first instruction referred to cor-rectly asserts that in an action for malicious prosecution it is essential to the plaintiff's right of recovery for him to prove that the prosecution of which he complains terminated in his favor before the commencement of his action. See *Chapman* v. *Woods,* 6 Blackf. 504 ; *Hays* v. *Blizzard,* 30 Ind. 457 ; *Gorrell* v. *Snow,* 31 Ind. 215 ; *Richter* v. *Koster,* 45 Ind. 440. The principle so asserted was not embraced in the in-structions given by the court, and although error was com-mitted in refusing to give the instruction, it was a harmless one, as the evidence clearly established the fact that the pros-ecution complained of had so terminated. The evidence es-tablishing this fact consisted of the record of the court, which showed the finding and return of the indictment, the motion to quash the indictment, and the action of the court in sus-taining the motion and discharging the appellee. These facts were not disputed, although the appellant, as a proposi-tion of law, controverted the sufficiency of the judgment to show a termination of the prosecution. If these facts had

not been proved, or if they had been disputed or contro-
verted, then the giving of this instruction would have been
of the utmost importance to the appellant, and its refusal
would have been a harmful error of which he might justly
complain. The refusal of a court to instruct the jury as to
the necessity of proving some particular fact, which was clearly
proved or not controverted, is not such an error as will au-
thorize the reversal of a judgment.

The only part of the fourth instruction, not embraced in
the instructions of the court, asserts that "attorneys are the
proper advisers of men in doubtful circumstances, and their
advice when fairly obtained exempts a party who acts upon
it from the imputation of proceeding maliciously and with-
out probable cause." This instruction did not state the law
correctly. The mere fact that a party procures and acts upon
the advice of an attorney so obtained, does not of itself ex-
empt him from liability, or afford absolute justification of the
prosecution, as stated in the instruction. It is merely com-
petent evidence tending to rebut malice and the want of prob-
able cause. *Smith* v. *Zent*, 59 Ind. 362 ; *McCarthy* v. *Kitchen*,
59 Ind. 500.

In *Scotten* v. *Longfellow*, 40 Ind. 30, it was held that such
advice, to afford any protection, must be given upon a full and
true statement of all the facts within the knowledge of the
person seeking the advice, and it must be acted upon for an
honest purpose. This instruction ignored the necessity which
the law in such cases imposes upon the party to show that he
gave to the attorney "a full and true statement of all the
facts within his knowledge," and procured and acted upon the
advice for an honest purpose. It was properly refused.

No error was committed in refusing to give the fifth in-
struction, which was as follows: "Before the plaintiff can
recover in this case, it must be shown that the prosecution
against him has terminated. The record in evidence shows
that a motion to quash the indictment was sustained by the
court, but that would not be sufficient unless it was followed

by a judgment of the court that the defendant be discharged, and go hence without day. No judgment of the court having been read in evidence, the plaintiff has failed to show that the prosecution has terminated, and you will therefore find for the defendant." The record mentioned was as follows:. " Comes now the State by her prosecutor, and the defendant in person and by counsel, and moves the court to quash the indictment herein, which motion the court sustains, and· said defendant is discharged." This judgment, though informal, showed a termination of the prosecution. If an indictment is quashed, and the defendant discharged by the judgment of the court, it is a sufficient termination of the prosecution to maintain an action for malicious prosecution. *Hays* v. *Blizzard, supra; Richter* v. *Koster, supra; Chapman* v. *Woods, supra.*

The fifth, sixth and seventh reasons assigned for a new trial are not discussed by the appellant in his brief, and for that reason we will not consider them.

No error was committed in overruling the motion for a new trial, and therefore the judgment must be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court be and it is hereby affirmed, at the costs of the appellant.

Filed Jan. 24, 1884. Petition for a rehearing overruled May 14, 1884.