PETER MITCHELL *vs.* PAULI DONANSKI.

NOVEMBER 9, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Malicious Prosecution.   Service of Process.*

An action for malicious prosecution will not lie against a defendant for procuring the issuance of a warrant against plaintiff upon a charge that is not actionable *per se*, where no service was made upon the plaintiff and no allegation of special damage accruing before the service, is made.

(2) *Malicious Prosecution.   Termination of Case.*

A case can not be said to have terminated in favor of a party, so as to sustain an action for malicious prosecution by him, unless he has been made a party to it by the service of process; neither can such case be considered terminated without the action of the court in discharging the accused or in recalling the warrant.

TRESPASS ON THE CASE for malicious prosecution.   Heard on exceptions from Superior Court, seeking reversal of ruling

sustaining demurrer to declaration. Exceptions overruled, and demurrer sustained.

BLODGETT, J. The defendant's demurrer to the declaration in this action for malicious prosecution having been sustained by the Superior Court, the plaintiff seeks here a reversal of that ruling by his exceptions thereto.

The error alleged is thus stated:

"That said court made an error of law in sustaining said demurrer,

"a. In deciding that plaintiff had not alleged in said declaration such a commencement or beginning of the criminal prosecution declared upon as to entitle him to maintain the present action.

"b. In deciding that service of process, *i. e.*, arrest of the defendant in the criminal prosecution, was necessary to the maintenance of the present action.

"c. In deciding that plaintiff had not alleged in his said declaration such a termination of the criminal prosecution as to entitle him to maintain the present action.

"d. In deciding that plaintiff had not set forth in said declaration a cause of action."

The declaration, after alleging a complaint under oath to the clerk of the Fifth Judicial District Court by the defendant against the plaintiff, "falsely, maliciously, and without probable cause" charging him with threatening to assault and to kill the defendant, and the issuance of a warrant thereon and its direction and delivery to one James Hoard, Jr., the town sergeant of Bristol, for service, thus continues: "that the said James Hoard, Jr., had said warrant in his hands and possession for the purpose and with the intention of serving the same on the said plaintiff for a long time, to wit, till the twenty-second day of said month and during all that time made divers efforts and attempts to serve the same on the said plaintiff; that on said last mentioned day the said defendant instructed said James Hoard, Jr., not to serve the said warrant upon the said plaintiff but to forever desist from and abandon the same and the said James Hoard, Jr., did thereupon desist from the ser-

vice of said warrant on said plaintiff and entirely abandon the same, and said defendant paid the costs of said prosecution to said last mentioned date and withdrew, dismissed, and entirely abandoned said complaint and prosecution."

It is evident that the charge preferred against the plaintiff was not the commission of a crime, and was not slanderous *per se.* In *Fanning* v. *Chace,* 17 R. I. p. 389, this court says; "It therefore follows that, as mere intent to commit a crime is not a violation of law, and hence not punishable, to accuse one of having such an intent is not to accuse him of any crime or offence."

While there is not a uniformity of decision upon this question, cases are not wanting which hold that, in a criminal prosecution, service of process is necessary before an action of malicious prosecution will lie.

In *Byne* v. *Moore,* 1 Marsh, 12, 13, it was said by Lord Chief Justice Mansfield: "I cannot see what damage a man can sustain by the preferring a bill of indictment against him which is not found. How then can the law say that a man can support an action for preferring an indictment against him by which he has sustained no actual damage? It does not appear that the plaintiff's personal security was ever endangered. . . . . It would be a very had precedent if this nonsuit were set aside, as every bill that was thrown out by the grand jury, would become the foundation of an action."

So in *Cooper* v. *Armour, et al.,* 42 Fed. Rep. 215, 217, it was said by Judge Wallace: "Without doubt, libel or slander will lie for an accusation to a magistrate when made with no *bona fide* intention of prosecuting it. Unless such facts can be shown by the person accused, or unless he is subjected to the vexation and expense of process against him, upon principle, he ought not to be allowed to recover." And in *Gregory* v. *Derby,* 8 Car. & Payne, 749, there is also the *dictum* of Patteson, J., that "If the party was never apprehended, no action at all would lie." And it is also observed by Colcock, J., in *O'Driscoll* v. *M'Burney,* 2 Nott & McCord, 401: "There can be no prosecution without an arrest." And see *Lawyer* v. *Loomis,* 3 N. Y. Sup. Ct. 395; *Heyward* v. *Cuthbert,* 4 McCord, 354; *Sheppard*

v. *Furniss,* 19 Ala. 760; and *Savill* v. *Roberts,* 12 Mod. 208, 210, 211.

(1)    It is quite evident that no action would lie for the malicious prosecution of a civil action if the plaintiff had not been arrested or his property attached, or he had not even been summoned; and we think the analogy should hold good in criminal cases, at least where the charge is not actionable *per se* or where there is no specific allegation of special damage accruing before the service. And the case at bar is of this class. Indeed, before the case can be said to have terminated in his favor the plaintiff here must in some way be made a party to it, and in strictness he is not a party until he is made so by the service of process.

The authorities are not agreed as to what constitutes the termination of the original action. But it clearly is not in the power of the complainant to instruct an officer, charged with (2) the criminal process of the State, to disregard the mandate of the court which issued the process and thereby to end the proceeding. For all that appears in the declaration the warrant of arrest is still in the hands of the officer who may serve it at any time. The action of the court in discharging the accused or in recalling the warrant is at least necessary before this proceeding can be held to be at an end. Thus in *White* v. *Apsley Rubber Co.,* 181 Mass. 339, 341 (1902), it was said: "The warrant has never been returned and since it was issued there has been no judicial action upon the complaint. The fact that the prosecution has not been terminated bars any recovery upon the counts for malicious prosecution," thus distinguishing between such an action and an action for the abuse of process. See also *Knott* v. *Sargent,* 125 Mass. 95; *Com.* v. *Hart,* 149 Mass. 7–9; *Com.* v. *McClusky,* 151 Mass. 488; *Graves* v. *Dawson,* 133 Mass. 419; and *Langford* v. *Boston & Albany R. R. Co.,* 144 Mass. 431.

The proceedings in case a charge of threatened violence or other criminal charge triable before a District Court is not sustained are thus specified in section 157 of the court and practice act, viz.: "the court shall forthwith discharge the accused."

In *Chapman* v. *Woods,* 6 Blackf. 504, 506, in which the original

7

indictment was *nol prossed* and the court rendered the following judgment: "It is therefore considered that said defendant as to said indictment go· hence, thereof acquit, without day," it was said that all the authorities concur that to support an action for malicious prosecution it must be shown that the prosecution is determined, "and perhaps it is equally true, that the entry of a *nolle prosequi* by the prosecuting-attorney without any judgment of the court discharging the defendant from the indictment, is not regarded as such a termination. . . . . Is the prosecution to which reference is made in this case at an end? We answer it is. Although a new indictment may be preferred against the defendant new process cannot issue upon the former indictment. The judgment of the court puts an end to further proceedings against the defendant upon it. Where a man is maliciously indicted he may not be able to obtain a trial on the merits, if the prosecuting-attorney is determined to, and actually does, *nol. pros.* the indictment. It is therefore not unreasonable that he should, in that event, ask for and obtain a judgment of the court discharging him from further answering to the indictment; and in such a case, if no action lies, an innocent man may be harassed without the hope of redress." And see *Hays* v. *Blizzard*, 30 Ind. 457; *Gallagher* v. *Stoddard*, 47 Hun. 101; *Stanton* v. *Hart*, 27 Mich. 539; *Fay* v. *O'Neill*, 36 N. Y. 11; *Lytton* v. *Baird*, 95 Ind. 349, 361; *Kelley* v. *Sage*, 12 Kas. 109; *M'Cormick* v. *Sisson*, 7 Cow. 715; *Driggs* v. *Burton*, 44 Vt. 124–143; *Smith* v. *Shackleford*, 1 Nott & McCord, 23; *Whaley* v. *Lawton*, 57 S. C. 259; *Combe* v. *Capron*, 1 Moody & Rob. 398; *Sayles* v. *Briggs*, 4 Met. 421; *Carpenter* v. *Nutter*, 127 Cal. 61; 2 Greenl. on Ev. Sec. 452; and see observation of Lord Tenterden, C. J., in *Whitworth* v. *Hall*, 2 Barn. & Adol. at p. 697.

The plaintiff's exceptions are overruled, the demurrer is sustained, and the case is remitted to the Superior Court for further proceedings.

*Edward G. Carr*, for plaintiff.

*William T. O'Donnell and Edward DeV. O'Connor*, for defendant.